HADDEN v. BARROW, WADE, GUTHRIE & CO.

No. 28609.

United States District Court
N. D. Ohio, E. D.

May 23, 1952.

B. B. Fensterstock, New York City, L. C. Wykoff, Cleveland, Ohio, for plaintiff.

Maurice F. Hanning, Cleveland, Ohio, for defendant.

FREED, District Judge.

Plaintiff, as Trustee in Bankruptcy of the Manufacturers Trading Corporation, brought this action against defendants, a firm of public accountants, for alleged breach of contract to perform services for plaintiff. Plaintiff is a corporation organized and existing under the laws of Delaware, licensed to do business in Ohio and doing business in Ohio. Defendant is a partnership composed of many partners, each of whom is a citizen of the United States, but none of whom is a citizen or resident of the State of Delaware. Defendant has moved to dismiss the action on the ground that the venue is improperly laid.

Determination of the question presented turns on the construction of 28 U.S.C.A. § 1391(c). Do the provisions of that section pertain solely to actions *against* a corporation, or do they also grant residence to a corporation in this state so that, as plaintiff, it may lay the venue of a suit predicated on diversity in this district? The section reads, as follows:

"A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

In Freiday v. Cowdin, D.C.1949, 83 F. Supp. 516, 517, the court, when faced with the identical inquiry, commented:

"To give full effect to the words 'and such judicial district shall be re-regarded as the residence of such corporation for venue purposes,' one must conclude that they refer to both plaintiff and defendant corporations. To conclude otherwise one would have to attribute to Congress the anomalous intent to define the residence of corporate defendants but not that of corporate plaintiffs."

The records of the Congressional hearings on the Judicial Code (of which the section under consideration is a part) shed no light nor disclose any indication of the intent of the debated language.

Two text writers [1] as well as a district court [2] took views directly contrary to that stated in the above case. The contention giving rise to their position, that Section 1391(c) is merely a codification of the doctrine announced in Neirbo Co. v. Bethlehem Shipbuilding Corp., 1939, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, is neither borne out by an analysis of the statute nor by its legislative history. The Neirbo case clarifies and restates the proposition of law first announced in Ex parte Schollenberger, 1877, 96 U.S. 369, 24 L.Ed. 853, that the designation of an agent for service of process by a corporation in a state where it is engaged in business is an effective consent to be sued in the federal courts of that state. That decision may have impelled the enactment of the section, but it clearly did not restrict itself to what was there decided.

This Court finds itself in accord with the result reached in Freiday v. Cowdin, supra. It would be purposeless to engage in a lengthy discussion of semantics or to belabor unreasonably the meaning of words. It is sufficient to say that, had the framers of the statute intended to confine venue to *defendant* corporations, the language "and such judicial district shall be regarded as the residence of such corporation for venue purposes" would be meaningless and redundant in the face of the clear, expressive and unambiguous wording which precedes it. If any other result was intended, the remedy lies in legislative amendment, rather than in faulty judicial construction.

In construing a Congressional enactment, the court should not assume, unless it is clearly apparent, that it contains superfluous words or expressions. Jurisdiction is here founded on diversity of citizenship.

Since the district where plaintiff is doing business, Bankr.Act, § 23, sub. b, 11 U.S.C.A. § 46, sub. b; Martin v. Clarke, 7 Cir., 1938, 95 F.2d 26; certiorari denied 1938, 304 U.S. 584, 58 S.Ct. 1059, 82 L.Ed. 1545, is the "residence of the corporation for venue purposes", this action may be properly maintained here.

The motion to dismiss the complaint will be overruled.

1. Moore's Federal Practice (2d ed., 1948), 1950 Supp. p. 38; Ohlinger's Federal Practice (Rev. ed., 1950) 297.

2. Chicago & North Western Ry. Co. v. Davenport, D.C., 94 F.Supp. 83.