## DEPARTMENT OF HIGHWAYS, STATE OF LA., v. UNITED STATES.

### No. 14176.

United States Court of Appeals
Fifth Circuit.

May 19, 1953.

Joseph A. Loret, W. Crosby Pegues, Jr., Lemuel C. Parker and D. Ross Banister, Baton Rouge, La., for appellant.

Lansing L. Mitchell, Asst. U. S. Atty., Alfred M. Farrell, Jr., and Andrew R. Martinez, Terriberry, Young Rault & Carroll and Alfred M. Farrell, Jr., New Orleans, La., for appellee.

Before HOLMES, BORAH, and RUSSELL, Circuit Judges.

BORAH, Circuit Judge.

The question presented by this appeal is whether or not the District Judge erred in dismissing the action for want of jurisdiction.

On February 3, 1949, appellant, the Department of Highways of the State of Louisiana brought this action at law against the United States alleging that on February 8, 1948, the S. S. Tamalpais, owned and operated by the United States, negligently collided with and damaged a bridge structure belonging to plaintiff which spans the Industrial Canal in the port of New Orleans. The United States answered denying all liability. On November 19, 1951, the Department of Highways filed a motion requesting that the cause be transferred from the Baton Rouge Division to the New Orleans Division of the Eastern District of Louisiana and from the Court's civil docket to the admiralty docket. Thereafter, and upon joint motion and approval of the parties an order was rendered by the District Court transferring the cause to the civil docket of the New Orleans Division. After the cause was transferred, and following a pretrial conference, the United States filed a motion for summary judgment in its favor. This motion along with plaintiff's pending motion to have the case transferred to the admiralty docket were thereafter argued together and submitted. Whereupon, and after due consideration the trial judge entered an order sustaining the motion for summary judgment and dismissing the action for lack of jurisdiction. Appealing from this order appellant is here insisting that the District Court erred in dismissing the action and in not ordering its transfer to the admiralty docket. Appellant argues that jurisdiction does not depend on the sufficiency of the pleadings and that the failure to file a suit in the appropriate form of procedure prescribed is not a jurisdictional matter. And it is claimed that by answering the complaint and by joining in a motion to transfer the case to the civil docket, New Orleans Division, the United States has waived any objections it may or might have had to the suit having been instituted as a civil action rather than a suit in admiralty. This argument is beside the point as we shall presently show.

When on February 8, 1948, the collision occurred, the appellant had a remedy at law against the government under the waiver of Sovereign immunity of the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq. On June 19, 1948, which roughly speaking was four months after the collision but eight months before this suit was filed, Congress passed the Extension of Admiralty Jurisdiction Act which provides in pertinent part as follows:

"The admiralty and maritime jurisdiction of the United States shall extend to and include all cases of damage or injury, to person or property, caused by a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land. * * * Provided, That as to any suit against the United States for damage, or injury done or consummated on land by a vessel on navigable waters, the Public Vessels Act or Suits in Admiralty Act, as appropriate, shall constitute the exclusive remedy for all causes of action arising after June 19, 1948 and for all causes of action where suit has not been hitherto filed under the Federal Tort Claims Act: Provided further, That no suit shall be filed against the United States until there shall have expired a period of six months after the claim has been presented in writing to the Federal agency owning or operating the vessel causing the injury or damage. June 19, 1948, c. 526, 62 Stat. 496." 46 U.S.C.A. § 740.

In view of these provisions of the Act it is clear that when this civil action was filed on February 3, 1949, Congress had by the Act of June 19, 1948, made a new classification of torts in respect to which it waived its Sovereign immunity by placing all claims for injuries done by government vessels to land structures within the exclusive admiralty jurisdiction, save as to causes of action where suit had not

632

theretofore been filed under the Federal Tort Claims Act. Not only does the Act of June 19, 1948, make the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., where appropriate, the exclusive remedy, but the Federal Tort Claims Act itself excludes its application to "any claim for which a remedy is provided by sections 741–752, * * * of Title 46, relating to claims or suits in admiralty against the United States." Title 28 U.S.C. § 2680(d). There can be no doubt that Congress has the power, not only to say in what kind of cases the United States may be sued, but in what court the suit may be brought. If Congress does in certain cases give its consent, the courts are confined to the letter of the statute which expresses such consent. And all the provisions of such a statute are jurisdictional. For, to use the apt language of the Supreme Court, "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 770, 85 L.Ed. 1058. In passing the Extension of Admiralty and Maritime Jurisdiction Act, Congress gave its consent, under defined conditions, to the filing against the United States in the District Court, of libels in personam. The statute thus evidences a waiver of Sovereign immunity, a consent by the Government to be sued in admiralty for a damage done or consummated on land by its vessels. But as terms of its consent the statute specifically requires as a condition of suit against the United States that a claim in writing be filed for consideration by the Federal agency owning and operating the vessel causing the injury or damage and that there shall have expired a period of six months after the claim has been presented, and this was not done.

When this suit was filed on February 3, 1949, the Suits in Admiralty Act furnished the exclusive remedy against the United States. To obtain relief under that Act appellant was obliged to comply with all of its provisions [1] and this it failed to do. Accordingly, it follows that the District Court lacked jurisdiction of the civil action because the Sovereign had not given its consent to be sued at law for a cause of action such as this and it lacked jurisdiction in admiralty because appellant did not comply with the terms which conditioned the Sovereign's consent to the filing of suit. Under the circumstances the District Court could not have properly done other than that which it did. The order of dismissal was right and the judgment appealed from is

Affirmed.

1. Turner Terminals v. United States, 5 Cir., 177 F.2d 844.