UNITED MERCHANTS & MANU-
FACTURERS, Inc.

v.

UNITED STATES.

Civ. No. 281.

United States District Court,
M. D. Georgia, Athens Division.

Aug. 3, 1954.

Raymonde Stapleton and John W. Williford, Elberton, Ga., for plaintiff.

Frank O. Evans, U. S. Atty., Jack J. Gautier, Asst. U. S. Atty., Macon, Ga., for defendant.

BOOTLE, District Judge.

This is a civil action brought under Sections 1346(a) (1) and 1402(a), Title 28, U.S.C.A., to recover documentary stamp taxes paid by the plaintiff and which plaintiff alleges were erroneously, wrongfully and illegally assessed and collected by defendant. The plaintiff is a corporation organized and existing under the laws of the State of Delaware and is licensed to do business in the State of Georgia. The documentary stamp taxes were paid to the Collector of Internal Revenue, Third New York Collection District and the claim for refund was likewise filed in that district. The United States has filed a motion to dismiss the action upon the ground that "it is in the wrong district because (a) the jurisdiction of this court is invoked solely on the ground that the action arises under the Constitution and laws of the United States, and (b) the complaint in paragraph 2 alleges that the plaintiff is a corporation incorporated under the laws of Delaware and therefore is a resident thereof." The plaintiff contests the validity of this motion but requests that, if the court determines that the venue is improperly laid in this jurisdiction, the action be not dismissed but transferred to a Judicial District in which it could have been properly brought.

Section 1402(a) provides:

"Any civil action against the United States under subsection (a) of section 1346 of this title may be prosecuted only in the judicial district where the plaintiff resides." 28 U.S.C.A. § 1402.

In Section 1346(a), the district courts are given "original jurisdiction, concurrent with the Court of Claims, of:

"(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws, (i) if the claim does not exceed $10,000 or (ii) even if the claim exceeds $10,000 if the collector of internal revenue by whom such tax, penalty or sum was collected is dead or is not in office as collector of internal revenue when such action is commenced; * * *."

Plaintiff sues for $11,000 and alleges that the collector who collected the tax is no longer in office.

For almost sixty years, in an unbroken line of decisions, the Supreme Court has declared "that the 'residence' of a corporation, within the meaning of the venue statutes, is only in 'the State and district in which it has been incorporated.'" Suttle Administratrix v. Reich Bros. Construction Co., 1948, 333 U.S. 163, 166, 68 S.Ct. 587, 589, 92 L.Ed. 614. The court in this case quoted from Shaw v. Quincy Mining Co., 1892, 145 U.S. 444, 450, 12 S.Ct. 935, 36 L.Ed. 768, as follows: "'This statement has been often reaffirmed by this court, with some change of phrase, but always retaining the idea that the legal existence, the home, the domicil, the habitat, the residence, the citizenship of the corporation can only be in the state by which it was created, although it may do business in other states whose laws permit it.'" See also: Seaboard Rice Milling Co. v. Chicago, Rock Island & Pacific Railway Co., 1926, 270 U.S. 363, 366, 46 S.Ct. 247, 70 L.Ed. 633.

The plaintiff asserts, however, that this has been changed by the provisions of Section 1391(c) of Title 28, U.S.C.A. Section 1391 is captioned "Venue Generally" and subsection (c) thereof provides:

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

The plaintiff contends that this subsection applies equally to corporate defendants and corporate plaintiffs and ascribes to the section the same meaning it would have if it read "a corporation may sue or be sued, etc."

Three recent decisions have construed section 1391(c) and we shall refer to them briefly.

The first case was Freiday v. Cowdin, D.C.N.Y.1949, 83 F.Supp. 516, 517, appeal dismissed, 2 Cir., 177 F.2d 1020. The corporation in this case was a Delaware corporation licensed to do business in the State of New York and the action was a stockholder's derivative suit. After pointing out that under Section 1401, Title 28 U.S.C.A., a stockholder's derivative suit could be maintained in any judicial district where the corporation could have sued the same defendants, the court concluded that section 1391(c) "concerns corporations and the venue of actions involving corporations generally, both as plaintiffs and defendants." In reaching this conclusion, the court said: "To give full effect to the words 'and such judicial district shall be regarded as the residence of such corporation for venue purposes,' one must conclude that they refer to both plaintiff and defendant corporations. To conclude otherwise one would have to attribute to Congress the anomalous intent to define the residence of corporate defendants but not that of corporate plaintiffs."

The second case was Chicago & North Western Ry. Co. v. Davenport, D.C.Iowa 1950, 94 F.Supp. 83, 84, vacated on other grounds, D.C., 95 F.Supp. 469. The cor-poration in this case was incorporated under the laws of the State of Wisconsin and licensed to do business in the State of Iowa. The suit was in Iowa against residents of Texas. The court points out that "the history of venue in the Federal courts has been one of restriction under diversity jurisdiction, with strict tests imposed upon determination of the residence of the parties. Subsection (c) admittedly has relaxed that rule as to corporate defendants to a great extent, but I am not convinced that the door has been thrown as wide open as plaintiff contends." After a review of the history of venue through the years, the court concludes that: "It is impossible therefore to say that Congress by enacting Section 1391(c) liberalized venue in the district courts to the extent of allowing a corporation to institute litigation against a nonresident defendant in a district where plaintiff is merely licensed to do business on the theory that it was a resident of the district." In refusing to follow Freiday v. Cowdin, supra, the court states that: "To so hold would be imputing something in the language of Congress in Sec. 1391(c) which cannot be found expressly stated therein."

The recent case of Hadden v. Barrow, Wade, Guthrie & Co., D.C.Ohio 1952, 105 F.Supp. 530, 531, followed Freiday v. Cowdin, supra, and concluded that "Since the district where plaintiff is doing business * * *, is the 'residence of the corporation for venue purposes', this action may be properly maintained here." "It is sufficient to say that, had the framers of the statute intended to confine venue to defendant corporations, the language 'and such judicial district shall be regarded as the residence of such corporation for venue purposes' would be meaningless and redundant in the face of the clear, expressive and unambiguous wording which precedes it. * * * In construing a congressional enactment, the court should not assume, unless it is clearly apparent, that it contains superfluous words or expressions."

Supporting its opposite view, the District Court in the Chicago & North West-

ern Ry. Co., case, supra, reasoned that the court should not read something into the language of Congress in Section 1391 (c) which cannot be found expressly stated therein and evidently construed the words "such corporation" appearing in the last clause as referring to "A corporation may be sued" appearing in the first clause.

Thus two District Courts [1] have held that Section 1391(c) applies to plaintiff and defendant corporations and one District Court [2] has held that it applies only to defendant corporations. The latter court is supported by two text writers.[3] The records of the Congressional hearings on the Judicial Code shed no light as to the Congressional intent.[4]

Consistent with the holding in the Chicago, North Western Ry. Co. case, supra, it could be asserted that perhaps the last clause of Section 1391(c) was added for the purpose of clarifying the first portion thereof and forestalling any possible conflict between subsections 1391(a) and 1391(b) on the one hand and the first clause of subsection 1391(c) on the other. Subsection 1391(a) fixes venue as the district where all plaintiffs or all defendants "reside"; Subsection 1391(b) fixes venue as the district where defendants "reside". The first clause of subsection 1391(c) injects a new note and says that a corporation may be sued not only in any district where it resides, (that is to say, incorporated) but also in any district where it is licensed to do business or is doing business. Perhaps to harmonize the new note with the standard requirement of residence, the last clause of 1391(c) was needed so that, while under the first clause a corporation could be sued where it does not reside, according to the Supreme Court's concept of residence, the place where it is licensed to do business or is doing business "shall be regarded" as the residence for venue pur-

poses. See: Wagner Mfg. Co. v. Cutler-Hammer, Inc., D.C.Ohio 1949, 84 F.Supp. 211. If another construction was intended, Congress could have easily manifested such an intent by having subsection (c) read "a corporation *may sue or* be sued, etc."

However, we find it unnecessary to pass upon this question. There is one distinguishing feature between these three cases and the instant case. In this case, the defendant is the United States Government and this was not true in either of the other cases.

■■ As stated by the plaintiff in its brief, "this is a civil action pursuant to Section 1402, Title 28, U.S.C.A.," and subsection (a) thereof is quoted above. It is well settled that Congress has the power to say when and where the Sovereign will be sued and when such consent is given, "the courts are confined to the letter of the statute which expresses such consent." Department of Highways, State of La. v. United States, 5 Cir., 1953, 204 F.2d 630, 632. "This applies to the venue as well as to the subject-matter of the suit." Simonsen v. United States, D.C.Pa.1938, 22 F.Supp. 239, 240. It will be noted that subsection (a) of section 1402 says *only in the* judicial district where the plaintiff resides." (Emphasis supplied.) This precludes the possibility that Congress intended that a plaintiff could sue the United States in more than one district. This subsection says that the United States can be sued in only one district, the district where the plaintiff resides, and that, for a corporation, is the place of incorporation. Even if, in cases where the Sovereign is not involved, section 1391(c) can be construed as contended for by the plaintiff, such construction cannot enlarge the limited waiver of immunity from suit as contained in section 1402(a). The language of 1391(c) is new, appearing for-

---

1. Freiday v. Cowdin, D.C.N.Y.1949, 83 F. Supp. 516; Hadden v. Barrow, Wade, Guthrie & Co., D.C.Ohio 1952, 105 F. Supp. 530.

2. Chicago & North Western Ry. Co. v. Davenport, D.C.Iowa 1950, 94 F.Supp. 83.

3. Moore's Federal Practice, (2nd Ed.) Vol. 3, 1952 Supp., p. 62, n. 110; Ohlinger's Federal Practice, (Rev.Ed.) Vol. 1–A, p. 297.

4. Hadden v. Barrow, Wade, Guthrie & Co., D.C.Ohio 1952, 105 F.Supp. 530.

the first time in the 1948 revision of the Judicial Code. The language of 1402(a), requiring that the Sovereign be sued in the district where the plaintiff resides, dates back to the Act of Mar. 3, 1887.

This court is of the opinion that Congress did not intend by section 1391(c) to change the meaning of section 1402(a) and that for the purposes of the latter section, a corporation still resides in the state of its incorporation.

This action was brought in the wrong district and, in accordance with the provisions of 28 U.S.C.A. § 1406, will be transferred to the District Court of the United States for the District of Delaware, upon presentation of a proper order by plaintiff's counsel.