The TRAVELERS INSURANCE COM-
PANY, Plaintiff,

v.

A. P. WILLIAMS and Bennie Joe Dunlap,
Defendants.

The TRAVELERS INSURANCE COM-
PANY, Plaintiff,

v.

Roxie J. WILLIAMS and Bennie Joe
Dunlap, Defendants.

Civ. A. Nos. 1350, 1351.

United States District Court
W. D. North Carolina,
Charlotte Division.

Aug. 18, 1958.

Uzzell & DuMont, Asheville, N. C., for plaintiff.

Z. V. Morgan, Hamlet, N. C., Walter R. Jones, Jr., Rockingham, N. C., for defendants.

WARLICK, District Judge.

These are companion cases, each being instituted by the plaintiff, a Connecticut corporation domesticated in North Carolina with its principal place of business in Charlotte, North Carolina, against the defendants for the purpose of securing a declaratory judgment under the provision of 28 U.S.C.A. § 2201. They are laid in this court under the diversity statute, sec. 1332, Title 28, U. S.Code. The allegations in each complaint are comparable, the variations being only such as allege the circumstances in each particular case. Both

cases arise from the same alleged negligent conduct and one decision will suffice for both pending actions.

Sometime prior to October 1, 1955 plaintiff alleges that it issued a policy of insurance No. FG–555 3620 to Hood Autos, Inc., a North Carolina corporation, as the insured, covering the period from October 1, 1955 to October 1, 1956, and that on December 10, 1955, the date of the occurrence herein alleged, said policy of insurance was in full force and effect and among other things provided coverage for bodily injury and property damage liability and defined and spelled out the definition of the insured, and contained other relevant terms.

It is further alleged in the complaints that on or about December 10, 1955 a collision occurred between an automobile owned by Hood Autos, Inc., and operated by the defendant Bennie Joe Dunlap, and a 1950 Buick Sedan owned and operated by one of the defendants, Roxie J. Williams, wife of the defendant A. P. Williams, as a result of which A. P. Williams, a passenger in his wife's Buick automobile suffered certain injuries.

That subsequent thereto the defendant A. P. Williams instituted an action in the Superior Court of Richmond County against Hood Autos, Inc., in which he sought a recovery in the sum of $20,000 for injuries and damage resulting from said collision. That said cause of action was tried at the March 18, 1958 term of the Superior Court of Richmond County before His Honor, L. Richardson Preyer, Judge Presiding at said term, at which trial the following issue was submitted to the jury:

"At the time of the accident complained of, was Bennie Joe Dunlap acting as agent of the defendant and within the force and scope of defendant's employment as alleged in the complaint?"

The jury after hearing all the evidence answered the issue: "No".

Subsequent to the trial and determination of the action against Hood Autos, Inc., the defendant A. P. Williams instituted another action against the defendant Bennie Joe Dunlap, individually, in the Superior Court of Richmond County, and seeks to recover the sum of $20,000 for his injuries and damages allegedly sustained and resulting from the collision; alleging that defendant Bennie Joe Dunlap was an insured within the meaning of the policy. This action is now pending, and at issue, the defendant Dunlap having filed answer thereto.

Shortly following the 10th of December 1955 and in line with the action of her husband A. P. Williams, the defendant Roxie J. Williams filed her action against Hood Autos, Inc., wherein damage in the sum of $3,000 was sought for her alleged personal injuries and $1,200 was prayed for as damage to her property, the 1950 Buick sedan. This action, however, has never been calendared for trial and remains on the civil issue docket of the Superior Court of Richmond County. Subsequent to the hearing of the action of her husband A. P. Williams against Hood Autos, Inc., wherein the jury answered the issue submitted to it in favor of the defendant Hood Autos, Inc., the defendant Roxie J. Williams likewise instituted her action against the defendant Bennie Joe Dunlap in the Superior Court of Richmond County, praying to recover against him the identical sum that she sought to recover in her former action against the Hood Autos, Inc., she likewise alleging in her complaint that the defendant Bennie Joe Dunlap was an insured within the meaning of the policy of insurance issued to Hood Autos, Inc. Answer likewise has been filed by defendant Bennie Joe Dunlap and the same remains at issue.

Answers have been filed to the action seeking a declaratory judgment by both of the defendants A. P. Williams and his wife Roxie J. Williams.

In that state of the pleadings a *notice of motion* in each case was served on plaintiff and in due time came on for hearing at Charlotte. In these motions the defendants A. P. Williams and his

wife Roxie J. Williams seek on order permitting and requiring the realignment of the parties for the reasons set out therein, for that among other things the interest of A. P. Williams and Roxie J. Williams and Bennie Joe Dunlap are diverse and additionally for that the interests of Bennie Joe Dunlap and the Travelers Insurance Company are identical and mutual and contending in their motions that when the said Bennie Joe Dunlap is properly aligned as a plaintiff that there is then no diversity of citizenship permitting jurisdiction of this action in the District Court of the United States; that in such actions on the realignment being had, dismissal of the actions must come about.

Movants further seek an order for a change of venue from the United States District Court for the Western District of North Carolina to the United States District Court for the Middle District of North Carolina, Rockingham Division, for the reason that the plaintiff is a nonresident corporation and that the defendants Williams and Williams and Bennie Joe Dunlap reside in Richmond County, Rockingham Division of the Middle District of North Carolina.

The defendants Williams likewise sought to have the cause of action, if it is not dismissed, transferred to the Rockingham Division of the Middle District of North Carolina, for the convenience of parties and witnesses and in the interest of justice as is provided for in Section 1404, Title 28 U.S.Code.

■ I listened attentively to the arguments and on a study of the briefs filed, conclude that the actions should not be dismissed for that there exists an actual controversy between the plaintiff, the Travelers Insurance Company, a Connecticut corporation, and the defendants and that the complaints state a cause of action against the defendants since the parties are residents of different states and a sum in excess of three thousand dollars is involved. The same question was advanced in C. Y. Thomason Co. v. Lumbermens Mutual Casualty Co., 4 Cir., 183 F.2d 729, 733, wherein Judge Soper wrote:

"The complete answer to the contention is that Lumbermens has raised a question of coverage in which its position is adverse to that of Thomason and the United States Guarantee Company, and hence the parties were properly aligned in the District Court. Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 99 F. 2d 665; State Farm Mut. Auto Ins. Co. v. Hugee, 4 Cir., 115 F.2d 298, 132 A.L.R. 188." Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826."

■ I am further of the opinion that the actions should not be transferred to the Middle District of North Carolina for that plaintiff being domesticated in North Carolina and authorized to do business therein, and having its principal place of business in Charlotte in the Western District of North Carolina is entitled to institute said action in this court,—for that under section 1391(c), Title 28 U. S. Code, the district where a corporation is licensed to do business or is doing business is the proper venue for an action brought by the corporation as well as for an action brought against the corporation. Eastern Motor Express, Inc., v. Espenshade, D.C., 138, F.Supp. 426, and many cases cited therein.

On the additional motion made at the hearing by the defendants where each seeks a change of venue under Section 1404, Title 28 U. S. Code, I am of the opinion that the parties and witnesses will not be convenienced to the extent that such should warrant the granting of said motion for a change of venue. Plaintiff has the option of choice under the law and having its principal place of business in the Western District is entitled to have the action determined therein.

The motions are denied.