**LUMBERMENS MUTUAL CASUALTY COMPANY, Plaintiff,**

v.

**SOUTH PORTLAND ENGINEERING COMPANY, and Electric Boat Company, Division of General Dynamics Corp., Defendants.**

United States District Court
S. D. New York.
Feb. 23, 1966.

Company, Division of General Dynamics Corporation (General Dynamics). Federal jurisdiction is predicated on diversity of citizenship. S. Portland moves to dismiss the action or, in the alternative, to transfer it to the United States District Court, District of Maine, Southern Division. The grounds are as follows: (1) The summons and complaint was not served on S. Portland as required under Rule 4 of the Federal Rules of Civil Procedure; (2) S. Portland is a Maine corporation not subject to service of process within New York; (3) venue has been improperly laid in this district under 28 U.S.C. § 1391; and (4) the action should be transferred to Maine for the convenience of parties and witnesses and in the interest of justice under 28 U.S.C. § 1404(a). The court finds that venue has been improperly laid in this district and accordingly finds it unnecessary to consider the other grounds raised by this motion.

The applicable portions of 28 U.S.C. § 1391 read as follows:

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside.

\*　　\*　　\*　　\*　　\*　　\*

(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

Venue is thus proper in this action only if plaintiff resides in this district or if both defendants are residents here. These two questions will be dealt with in order.

■ Plaintiff is a corporation incorporated under the laws of Illinois and is concededly a resident of that state. Plaintiff is also doing business in this district. Before the enactment of § 1391 (c) in 1948, the law was clear that for venue purposes a plaintiff corporation

Max J. Gwertzman, New York City, for plaintiff.

Gifford, Woody, Carter & Hays, New York City, Walter S. Long, Jr., Robert A. Barron, New York City, of counsel, for defendant South Portland Engineering Co.

Cravath, Swaine & Moore, New York City, for defendant Electric Boat Co., Division of General Dynamics Corp.

BONSAL, District Judge.

Plaintiff Lumbermens Mutual Casualty Company (Lumbermens Mutual) has brought this action for a declaratory judgment limiting its liability on certain fire insurance policies issued in Maine to defendant South Portland Engineering Company (S. Portland) and payable to S. Portland and defendant Electric Boat

was deemed a resident only of the state in which it was incorporated. Suttle v. Reich Bros. Construction Co., 333 U.S. 163, 68 S.Ct. 587, 92 L.Ed. 614 (1948). The question here presented is whether that rule was changed by § 1391(c) so that both plaintiff and defendant corporations are deemed residents of any district where they are doing business, or whether § 1391(c) applies only to defendant corporations, leaving the law unchanged as to the corporate plaintiff.

This question has caused a split of authority among the courts which have considered it. Some decisions, including several in this district, have held that the section is applicable to plaintiff and defendant corporations alike. Toilet Goods Association, Inc. v. Celebrezze, 235 F.Supp. 648 (S.D.N.Y.1964); Wear-Ever Aluminum, Inc. v. Sipos, 184 F.Supp. 364 (S.D.N.Y. 1960); Southern Paperboard Corp. v. United States, 127 F.Supp. 649 (S.D.N.Y.1955); Freiday v. Cowdin, 83 F.Supp. 516 (S.D.N.Y.1949), appeal dismissed by consent, 177 F.2d 1020 (2d Cir. 1949); Consolidated Sun Ray, Inc. v. Steel Insurance Co., 190 F.Supp. 171 (E.D.Pa.1961); Travelers Insurance Co. v. Williams, 164 F.Supp. 566 (W.D.N.C. 1958); Standard Insurance Co. v. Isbell, 143 F.Supp. 910 (E.D.Tex.1956); Eastern Motor Express, Inc. v. Espenshade, 138 F.Supp. 426 (E.D.Pa.1956); Hadden v. Barrow, Wade, Guthrie & Co., 105 F.Supp. 530 (N.D.Ohio 1952). The reasoning behind these cases is that the first phrase of § 1391(c) defines venue for a defendant corporation, and consequently the second phrase would be a mere tautology if not construed to extend the residence concept to plaintiff corporations as well.* Furthermore, a contrary construction would leave undefined the term residence for determining the venue of a plaintiff corporation, which seems contrary to the apparent congressional policy to deal comprehensively with the subject of venue.

However, the only circuit courts of appeals which have considered this question have taken the contrary view. Robert E. Lee & Co. v. Veatch, 301 F.2d 434, 96 A.L.R.2d 619 (4th Cir. 1961), cert. denied, 371 U.S. 813, 83 S.Ct. 23, 9 L.Ed. 2d 55 (1962); Carter-Beveridge Drilling Co. v. Hughes, 323 F.2d 417 (5th Cir. 1963). See also Abbot Laboratories v. Celebrezze, 228 F.Supp. 855 (D.C.Del. 1964); The Nebraska-Iowa Bridge Corporation v. United States, 158 F.Supp. 796 (D.C.Neb. 1958); Albright & Friel, Inc. of Delaware v. United States, 142 F.Supp. 607 (E.D.Pa.1956); Chicago & North Western Ry. v. Davenport, 94 F.Supp. 83 (S.D.Iowa 1950), vac'd on other grounds, 95 F.Supp. 469 (S.D.Iowa 1951). The reasoning behind these cases is discussed quite fully by Judge Sobeloff in the *Veatch* opinion. The court there notes that the second phrase of § 1391(c) reads that "*such* judicial district shall be regarded as the residence of *such* corporation for venue purposes." As a matter of syntax, "such judicial district" in the second phrase must refer to "any judicial district" in the first; similarly, "such corporation" in the second phrase refers to "A corporation" in the first. Thus, the second phrase refers to the same subject matter as the first and covers only situations where the corporation is a defendant. The *Veatch* opinion further notes that if § 1391(c) is read to apply only to defendant corporations, it is merely a clarification of the law prior to 1948 as developed in the cases. However, a reading of § 1391(c) which applies it to plaintiff as well as defendant corporations would represent a sharp departure from prior law, and there is nothing in the legislative history to indicate that any such sweeping change in the venue rules was contemplated.

This court is persuaded that the holding in the *Veatch* line of cases is correct for the reasons stated in Judge Sobeloff's opinion. Accordingly, this court holds

---

* This is not entirely true. The second phrase, even if limited to defendant corporations, defines such corporations' *residence* for the purposes of other venue provisions such as § 1393 and § 1394 which use that term.

that plaintiff Lumbermens Mutual is a resident only of Illinois, its state of incorporation, and is not a resident of this district for the purposes of § 1391.

Since plaintiff does not reside in this district, venue can be sustained only if both defendants are residents of this district (28 U.S.C. § 1391(a)). Here § 1391 (c) applies and the defendant corporations are deemed residents of this district if they are incorporated, licensed to do business or are doing business in this district. It is conceded that defendant General Dynamics is doing business in New York. However, the affidavits submitted with this motion indicate that S. Portland is neither incorporated nor licensed to do business in New York. Thus, S. Portland cannot be held to be a resident of this district unless it is doing business in this district.

It appears from the affidavits that S. Portland is incorporated in Maine, and its sole plant is located in South Portland, Maine. Its principal business is the manufacture and repair of heavy equipment marine property, including small vessels of all types. The officers of the corporation all reside in Maine. The sole stockholders of S. Portland are Marshall E. Turnbaugh, who is President of the company and resides in Maine, and John J. McMullen, who is Chairman of the Board and resides in New Jersey. McMullen is President and Turnbaugh is Vice President of a corporation called John J. McMullen Associates, Inc. (McMullen, Inc.), an independent naval architect and maine engineering firm incorporated in New York and having an office in this district.

Plaintiff's attorney, in his affidavit opposing this motion, states that all the books and records of S. Portland are in the custody of a New York public accountant, that the negotiations with plaintiff concerning the settlement of the policies involved here have all been conducted in New York either by McMullen personally or through a New York public adjusting firm, and that S. Portland conducts business in New York through McMullen, Inc. which acts in all respects

for S. Portland. Plaintiff argues that these contacts with New York are sufficient to render S. Portland doing business in this district. The opposing affidavits of McMullen, Turnbaugh and others contradict some of these facts; they state that S. Portland's books and records are all located in Maine and that McMullen, Inc., while it has on occasion performed services for S. Portland, is an independent engineering firm which does not act for S. Portland.

■ It is clear from the affidavits that S. Portland is a Maine corporation engaged in doing business in Maine regardless of whether it may maintain books here or have brought them here for the purpose of negotiating a settlement on the policies here at issue. See Wilkins v. Queen City Savings Bank & Trust Co., 154 F. 173 (C.C.,S.D.N.Y., 1907). The court notes that the policies here involved were purchased by S. Portland in Maine. Nor does the court find that the activities of McMullen, Inc. in this district render S. Portland doing business here even if, as plaintiff's affidavit asserts, that firm acts in all respects for S. Portland. It is not disputed that McMullen, Inc. is an entirely separate entity from S. Portland. It is said to perform various services for S. Portland, for which it is paid. However, McMullen, Inc. is not a subsidiary of S. Portland and, at most, is under partial control by McMullen and Turnbaugh. Even if McMullen, Inc. was a subsidiary of S. Portland, S. Portland would not be doing business in this district. Cannon Manufacturing Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925); Echeverry v. Kellogg Switchboard & Supply Co., 175 F.2d 900 (2d Cir. 1949); Schenstrom v. Continental Machines, Inc., 7 F.R.D. 434 (S.D.N.Y. 1947). Accordingly, the court finds that S. Portland is not doing business in this district and is not a resident of this district under § 1391.

■ Since this district is neither the residence of all the plaintiffs nor of all the defendants under 28 U.S.C. § 1391 (a), venue has been improperly laid in

this district. There is presently pending in the District Court, District of Maine, Southern Division, an action brought by S. Portland against Lumbermens Mutual to collect on the same policies here and involving the same issues, which was instituted the day following the commencement of this action. Although General Dynamics is not presently a party to the Maine action, it is licensed to do business and amenable to service of process in Maine, and has expressed its consent to having this action transferred to Maine. Accordingly, this action will be transferred to the District Court, District of Maine, Southern Division (28 U.S.C. § 1406(a)).

Settle order on notice.