**PACE CO., DIVISION OF AMBAC INDUSTRIES, INCORPORATED,**
Plaintiff,

v.

**DEPARTMENT OF the ARMY OF the UNITED STATES of America and Stanley Resor, Secretary of the Army, et al.,**
Defendants.

No. 71–391–Civ.

United States District Court,
W. D. Tennessee, W. D.

Oct. 26, 1971.

Charles M. Crump, Apperson, Crump, Duzane & Maxwell, Memphis, Tenn., Vincent J. O'Reilly and Donald V. Bakeman, Carle Place, N. Y., Allen T. Malone, Memphis, Tenn., of counsel, for plaintiff.

Thomas F. Turley, Jr., U. S. Atty. for Western District of Tenn., for Stanley Resor; J. N. Raines, Asst. U. S. Atty., of counsel.

Wm. F. Kirsch, Jr., Heiskell, Donelson, Adams, Williams & Wall, Memphis, Tenn., and Robert L. Ackerly, Sellers, Conner & Cuneo, Washington, D. C., for Maxson Electronics Corp.

## MEMORANDUM DECISION

ROBERT M. McRAE, Jr., District Judge.

This cause concerns a judicial review of determinations of officials of the United States Army in the matter of a procurement contract sought through an invitation to bids from appropriate suppliers.

The plaintiff is Pace Company, a Division of Ambac Industries, Inc. Ambac Industries, Inc., is a New York corporation and Pace Company is a separate division having its principal office in Shelby County, Tennessee. All defendants are government officials with various duties in the Department of the Army of the United States of America. The residences of the various defendants are in various states, depending upon the assignment of the officials.

The plaintiff seeks declaratory and injunctive relief pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 et seq. Plaintiff, as one of the bidders on a contract sought by the defendant Army procurement personnel, seeks to enjoin the award of the contract for the procurement of ammunition to Maxson Electronics Corporation primarily on the ground that Maxson's bid is not responsive and that the actions of the defendants, particularly the defendant Hill, as Procuring Contract Officer, are arbitrary, capricious and an abuse of discretion or otherwise not in accordance with law, as defined in and interpreted under 5 U.S.C. § 706.

Plaintiff filed its complaint on September 30, 1971, and a temporary restraining order was issued on that date. The temporary restraining order was extended and a hearing was set on the application of the plaintiff for a preliminary injunction. Subsequent thereto, the Court entered an order allowing Maxson to intervene, and the defendants filed motions to dissolve the temporary restraining order, to oppose the order allowing Maxson to intervene and to dismiss or, in the alternative, for a summary judgment. Affidavits were filed by all parties and portions of the pertinent records of the Executive Department were made exhibits to certain affidavits.

The United States Army, through its Munitions Division in Joliet, Illinois, issued a solicitation for bids on June 21, 1971, for the procurement and delivery of a quantity of 81MM shells to be delivered to Vietnam. An Invitation for Bids, consisting of 79 pages, set forth the requirements and specifications for the bidders. That Invitation required each bidder to submit, inter alia, a unit price per shell and a guaranteed shipping cost proposed by the bidder for delivery of the shells to Vietnam. The bids were opened on August 2, 1971, and plaintiff was the low bidder on the unit price per shell. The next lowest bidder on the unit price per shell was Maxson. Pursuant to regulations, the Invitation to Bid and practice, the Procuring Contracting Officer caused an analysis of the bids to be made. This analysis involved a consideration of the guaranteed transportation costs and a subsequent application of those guaranteed costs to the unit price. Page 5 of the 79 pages of the Invitation to Bid is a form entitled "Guaranteed Maximum Shipping Data for F.O.B. Origin Deliveries." (Ex. 1 to Affidavit of Peter Pace.) In this form the bidder is "requested" to set forth the data that the bidder used in determining the guaranteed transportation costs. The form provides that if the bidder does not furnish sufficient

shipping data to permit a determination by the government of the shipping costs, the evaluation may be based on the highest transportation costs submitted by any bidder or, in the absence thereof, as may otherwise be established by the government. It is further provided that if the actual transportation cost exceeds the guaranteed cost, the contract price shall be reduced by the difference between the actual and the guaranteed cost. The primary dispute in this case arises over the fact that the data set forth by Maxson for the size and weight of certain wooden pallets needed in the transportation and to be furnished by the bidder was deliberately underestimated to effect a better competitive price. Maxson used data for the size of the pallet of a 4″ dimension, whereas technical drawings referred to in the Invitation to Bid required a minimum height of 6⅛″. (Ex. 13 to Affidavit Peter Pace.) When this erroneous factor was applied to the unit price it caused the defendant Contracting Officer to determine that the bid should be awarded to Maxson.

Pace protested the ruling, and subsequent thereto the defendant Procuring Contracting Officer filed Findings and Recommendations, a memorandum of law relative to the protest of the plaintiff, signed by counsel for the legal office of the Procurement Law Division and a letter from the Deputy General Counsel from the United States Materiel Command to the Comptroller General. The contentions of Pace as a protestant were overruled, and the defendants have determined that the contract should be awarded to Maxson subject to a Capability Survey of Maxson. In this regard, at the oral hearing in this Court it was indicated by counsel that the protest of Pace has not been ruled upon by the Comptroller General of the United States due to the policy of the Comptroller General to discontinue further action upon the issuance of a Temporary Restraining Order.

It is the position of the defendants and the intervenor, Maxson, that the deliberate or careless understatement of transportation cost data is a pricing technique whereby certain bidders offer the lowest competitive price. (Affidavits of E. F. Hill and Steve K. Ferrell.) In the instant case, Maxson admits that it knowingly submitted data for the transportation cost evaluation which did not represent the accurate dimensions for packaging and unitization required during the contract performance. (Affidavit of Steve K. Ferrell, Director of Purchasing and Estimating for Maxson Ordnance Division, Par. 6, p. 3.) The defendant Procuring Contracting Officer knew that this was mis-stated by Maxson. He further found that this procedure is an accepted practice which is evident by this procurement because the other bidders also used this technique in other respects. (Findings and Recommendations, 8–18–71, Exhibit 9 to Affidavit of Peter Pace.) Pace denies that it deliberately underestimated its data in this instance or in prior instances. (Affidavit of John J. Pechak.) Maxson did expect Army personnel to require compliance with the contract and it expected to provide the pallets required by the specifications in spite of its deliberately false data.

Jurisdiction exists pursuant to the Administrative Procedure Act. Abbott Laboratories v. Gardner, 387 U.S. 136, 141, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). Venue appears to be appropriate in this district. Upjohn v. Finch, 303 F.Supp. 241 (W.D.Mich.1969). Furthermore, plaintiff as a bidder has a standing to seek the relief herein sought. Scanwell Laboratories, Inc. v. Shaffer, 424 F.2d 859 (C.A. D.C.1970).

The scope of this Court's review is set forth in 5 U.S.C. § 706, which provides, in part, as follows:

"706. Scope of Review. To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law,

interpret constitutional and statutory provisions, and determine applicability of the terms of an agency action. The reviewing court shall —

.    .    .    .    .    .

hold unlawful and set aside agency action findings and conclusions found to be—

"(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; . . ."

The Armed Services Procurement Act, 10 U.S.C. § 2305(b), provides in part, as follows:

"The specifications in invitations for bids must contain the necessary language and attachments, and must be sufficiently descriptive in language and attachments, to permit full and free competition."

The Armed Services Procurement Regulations provide, in part, as follows:

*"Section 2–301*

"(a) To be considered for award, a bid must comply in all material respects with the invitation for bids so that both as to the method and timeliness of submission and as to the substance of any resulting contract, all bidders may stand on an equal footing and the integrity of the formal advertising system may be maintained." 32 C.F.R. § 2.301(a) (1960).

■■ The Court should be properly concerned that procurement activities of the government be carried out in accordance with applicable statutes and agency regulations. See M. Steinthal & Co., Inc. v. Seamans, 147 U.S.App.D.C. 221, 455 F.2d 1289 (1971). Arbitrariness and capriciousness within the meaning of the Administrative Procedure Act exists if the action lacks a rational basis. L & NRR Co. v. United States, 268 F. Supp. 71 (3-Judge Court W.D.Ky.

1967); M. Steinthal & Co., Inc. v. Seamans, *supra.*

■ This Court concludes that there is no rational basis for the Contracting Officer to award a contract which is based upon a bid which deliberately understated the size of a pallet set forth with particularity in the Invitation to Bid. Therefore, this would constitute arbitrary and capricious agency action.

The Court further concludes that the amount by which the data was understated, namely four inches when the specifications call for a minimum of six and one-eighth inches, is material to an extent that an award based upon this would be an abuse of discretion, particularly in view of the Contracting Officer's prior knowledge of this deliberate act.

■ The Court further concludes that an award of the contract would be a violation of the Armed Services Procurement Regulations § 2.301; 32 C.F.R. § 2.301(a) (1960). In matters of this sort these regulations have the effect of law. M. Steinthal & Co., Inc. v. Seamans, *supra.* This regulation is violated because the bid does not "comply in all material respects" and in this Court's opinion "the integrity of the formal advertising system" would not be maintained.

■ Because the plaintiff is the apparent next lowest bidder, it will suffer irreparable injury if the defendants are not enjoined from awarding the contract to Maxson and a preliminary injunction is granted the plaintiffs. This Court does not direct that the contract be awarded to Pace. This shall be determined by the defendants in accordance with the Invitation to Bid and the laws and regulations properly applied to matters of this sort.