**D C ELECTRONICS, INC., a Delaware corporation, Plaintiff,**

**v.**

**James SCHLESINGER, Secretary of Defense, et al., Defendants.**

**No. 73 C 2966.**

United States District Court,
N. D. Illinois, E. D.

Jan. 7, 1974.

Jay Erens, Howard A. Tullman, Levy & Erens, Chicago, Ill., for plaintiff.

T. M. Gordon, Ass't U. S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION

AUSTIN, District Judge.

This is an action challenging the procedure followed by the defendant agents of the federal government in letting a contract for the construction and sale of turn-signal control and flasher units used on United States military vehicles. The case is presently before this Court to resolve the questions presented by defendants' motion pursuant to Fed.R.Civ. P. 12(b)(3) to dismiss for improper venue.

The pertinent facts are as follows: Plaintiff is a Delaware corporation having its principal and only place of business within the Northern District of Illinois. The individual defendants are all agents or employees of the federal government whose official actions in Michigan gave rise to the alleged cause of action. None of the defendants reside in Illinois. Plaintiff's allegations as to venue read as follows:

> "5. Venue is properly laid in the Northern District of Illinois pursuant to the provisions of 28 U.S.C.A. §§ 1391(e)(4) and 1402(a)(1) in that Plaintiff DCEL [DC Electronics, Inc.] is a resident of the Northern District of Illinois and no real property is involved in this action."

Defendants contend these facts are insufficient to establish that venue is properly laid within this district. They argue that for purposes of venue under 28 U.S.C.A. §§ 1391(e) and 1402(a)(1), a plaintiff corporation resides only in the district in which it is incorporated, and that because plaintiff is incorporated only in Delaware, it does not reside here. They conclude that venue is therefore improper and that the instant suit must therefore be dismissed.

The crucial question for decision, then, is whether, for the purpose of venue under 28 U.S.C.A. §§ 1391(e) and 1402(a)(1), a plaintiff corporation may be considered a resident of both the judicial district in which it is incorporated and another district in which its principal and only place of business is located.

At the outset, it is noted that the question presented for decision here was raised by the parties in Abbott Laboratories v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). Unfortunately, the Court failed to resolve it, believing it to be difficult and with far-reaching effects. *Id.* at 156–157, n. 20, 87 S.Ct. 1507. Moreover, the courts of this District and the Seventh Circuit ap-

parently have yet to decide the question; for the parties do not cite, and I am unable to find, a reported opinion from those courts on the subject. Therefore, outside authority must be looked to for guidance.

## A. VENUE UNDER SECTION 1391 (e)(4)

The pertinent parts of 28 U.S.C.A. § 1391 read as follows:

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

\* \* \* \* \* \*

(e) A civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, may, except as otherwise provided by law, be brought in any judicial district in which . . . (4) the plaintiff resides if no real property is involved in the action."

Both subsections utilize the term "residence" in determining proper venue. Accordingly, the accepted definition of the term as it is used in subsection (c) shall be applied to subsection (e).

Plaintiff contends it is a "resident" of the Northern District of Illinois under § 1391(c) because it has its principal and only place of business here, and that therefore venue is properly laid here under § 1391(e)(4). Defendant, on the other hand, argues that § 1391(c) applies only to defendant corporations, not plaintiff corporations, and that therefore plaintiff's residence is defined by settled principles to be the place of its incorporation, i. e., Delaware. In light of the cases and authorities on the subject, I find the latter argument to be the more persuasive.

It was long recognized, both by Congress and the Supreme Court, that the "residence" of a corporation for purposes of venue in the federal courts is only the state and district in which it has been incorporated. *E. g.* Suttle v. Reich Brothers Co., 333 U.S. 163, 166–168, 68 S.Ct. 587, 92 L.Ed. 614 (1948). Shortly after the *Suttle* case was decided, Congress modified this rule by enacting 28 U.S.C.A. § 1391(c) as it now reads. As a result, a corporation may now be *sued* in districts other than that of its incorporation, namely, wherever it does business or. is licensed to do business.

██ But did this broadening of the venue rules apply equally to *plaintiff* corporations? Upon a reading of the language of § 1391(c) it is crystal clear that it did not. For the term "such corporation" in the second phrase of subsection (c), as a matter of syntax, refers back to the antecedent phrase "A corporation may be *sued*." The natural and sensible conclusion, then, is that the broadened venue provisions of § 1391(c) were intended by Congress to be limited to *defendant* corporations, and every Circuit Court of Appeals which has had occasion to consider the issue has so concluded. *See* Robert E. Lee v. Veatch, 301 F.2d 434, 438 (4th Cir. 1961), cert. denied, 371 U.S. 813, 83 S.Ct. 23, 9 L. Ed.2d 55 (1962); Manchester Modes, Inc. v. Schuman, 426 F.2d 629, 630 (2d Cir. 1970); Carter-Beveridge Drilling Co. v. Hughes, 323 F.2d 417 (5th Cir. 1963) (Per Curiam). Accordingly, the rule in *Suttle, supra,* that only the state and district of incorporation is the residence of a corporation for purposes of venue, still applies to plaintiff corporations.

To be sure, there is a sharp conflict of authority over the extent of the effect

of § 1391(c).[1] Indeed, there is at least one case which directly supports plaintiff's position.[2] The fact remains, however, that Congress, the lawmaking body of our Republic, failed to so extend the new meaning of residence. Rather than saying "any corporation" or "all corporations" in the second phrase of § 1391(c), it chose to say "such corporation." I cannot and will not infer the first two possibilities when the third is the law.

■ Applying the above discussion to the issue presented in the instant case, it must be concluded that the "residence" of a corporation suing the government is only the state and district of its incorporation for purposes of federal venue under 28 U.S.C.A. § 1391(e)(4).

Accordingly, defendants' objection to the venue is well-founded.

■ Plaintiff argues that the second clause in § 1391(c) is redundant and therefore rendered meaningless unless it is construed to apply to plaintiff as well as defendant corporations. However, for the same reasons as those set forth by Judge Friendly in Manchester Modes, Inc. v. Schuman, 426 F.2d 629, 631–633 (2d Cir. 1970), I do not find this argument persuasive.

## B. VENUE UNDER SECTION 1402 (a)(1)

The pertinent part of 28 U.S.C.A. § 1402 reads as follows:

"(a) Any civil action against the United States under subsection

---

1. An extensive, but surely not exhaustive, list of the cases and authorities construing 28 U.S.C. § 1391(c) as a definition of the residence of defendant corporations only is as follows:

Manchester Modes, Inc. v. Schuman, 426 F.2d 629 (2d Cir. 1970); Carter-Beveridge Drilling Co. v. Hughes, 323 F.2d 417 (5th Cir. 1963) (Per Curiam); Robert E. Lee v. Veatch, 301 F.2d 434 (4th Cir. 1961), cert. denied, 371 U.S. 813, 83 S.Ct. 23, 9 L.Ed.2d 55 (1962); Control Data Corp. v. Carolina Power & Light Co., 274 F.Supp. 336 (S.D. N.Y.1967); Dixie Portland Flour Mills v. Dixie Feed and Seed Company, Inc., 272 F. Supp. 826 (W.D.Tenn.1965), aff'd, 382 F.2d 830 (6th Cir. 1967); United Artists Theatre Circuit, Inc. v. Nationwide Theatres Investment Company, 269 F.Supp. 1020 (S.D.N.Y. 1967); Kaiser Steel Corporation v. Fulton, 261 F.Supp. 997 (D.Colo.1966); Lumbermens Mutual Casualty Company v. South Portland Engineering Company, 252 F.Supp. 149 (S.D.N.Y.1966); L'Heureux v. Central American Airways Flying Service, Inc., 209 F.Supp. 713 (D.Md.1962); Nebraska-Iowa Bridge Corporation v. United States, 158 F. Supp. 796 (D.Neb.1958); Albright & Friel, Inc. of Delaware v. United States, 142 F. Supp. 607 (E.D.Pa.1956); United Merchants & Manufacturers, Inc. v. United States, 123 F.Supp. 435 (M.D.Ga.1954) (Dictum); Chicago & Northwestern Ry. Co. v. Davenport, 94 F.Supp. 83 (S.D.Iowa 1950), vacated on other grounds, 95 F.Supp. 469 (1951); 1 Moore's Federal Practice ¶ 0.142[5.–3] (2d ed. 1972); Comment, The Corporate Plaintiff and Venue Under Section 1391(c) of the Judicial Code, 28 U.Chi.L.Rev. 112

(1960); Case Note, 48 Va.L.Rev. 968 (1962).

The following cases and authorities reach the conclusion that 28 U.S.C.A. § 1391(c) applies to both plaintiff and defendant corporations:

Pace Co., Division of Ambac Industries, Inc. v. Dept. of Army of United States, 344 F.Supp. 787 (W.D.Tenn.1971); Upjohn Company v. Finch, 303 F.Supp. 241 (W.D. Mich.1969); Consolidated Sun Ray, Inc. v. Steel Insurance Company, 190 F.Supp. 171 (E.D.Pa.1961); Wear-Ever Aluminum, Inc. v. Sipos, 184 F.Supp. 364 (S.D.N.Y.1960); Travelers Insurance Company v. Williams, 164 F.Supp. 566 (W.D.N.C.1958), affirmed, 265 F.2d 531 (4th Cir. 1959); Standard Insurance Company v. Isbell, 143 F.Supp. 910 (E.D.Tex.1956); Southern Paperboard Corporation v. United States, 127 F.Supp. 649 (S.D.N.Y.1955); Hadden v. Barrow, Wade, Guthrie & Co., 105 F.Supp. 530 (N.D.Ohio 1952); Freiday v. Cowdin, 83 F.Supp. 516 (S.D.N.Y.1948), appeal dism. by consent, 177 F.2d 1020 (2d Cir. 1949); 1 Barron & Holtzoff, Federal Practice and Procedure § 80 (Wright ed. 1960); C. Wright, Law of Federal Courts § 42 (2d ed. 1970); Case Note, 8 Vil.L.Rev. 408 (1963); Note, Federal Venue and the Corporate Plaintiff, 37 Ind.L.J. 363 (1962); Note, Federal Venue and the Corporate Plaintiff: Judicial Code Section 1391(c), 28 Ind.L.J. 256 (1953); Case Note, 76 Harv.L.Rev. 641 (1963).

2. Upjohn Company v. Finch, 303 F.Supp. 241 (W.D.Mich.1969). See also, Pace Co., Div. of AMBAC Industries, Inc. v. Dept. of Army of United States, 344 F.Supp. 787 (W.D. Tenn.1971).

(a) of section 1346 of this title may be prosecuted only: (1) Except as provided in paragraph (2), in the judicial district where the plaintiff *resides* . . . ." (emphasis added).

That the meaning of "resides" in § 1402(a)(1) should be the same as in § 1391(c) and (e)(4) is obvious. The residence of a corporation for venue purposes has always been the state and district of its incorporation in the absence of legislation to the contrary. Suttle v. Reich Brothers Company, 333 U.S. 163, 166, 68 S.Ct. 587, 92 L.Ed. 614 (1948). There being no such legislation, the traditional doctrine still controls.

■ ■ The conclusion must be that under 28 U.S.C.A. § 1402(a)(1), the residence of a corporate plaintiff is only the district or districts in which it is incorporated. *See* United Transit Company v. United States, 158 F.Supp. 856 (M.D.Tenn.1957). Plaintiff having been incorporated only in Delaware, it is not a resident of this district; and therefore, venue is not proper in the Northern District of Illinois.

## C. TRANSFER UNDER SECTION 1406(a)

■ In its brief, plaintiff requests, in the event venue is found to be improper, that this Court transfer the action to the Eastern District of Michigan. The government concedes that district is where the alleged cause of action arose, and is where most of the defendants reside.

The controlling statute on the question of transfer here is 28 U.S.C.A. § 1406(a) which provides that if a civil action is commenced in the wrong district or division, the court shall dismiss; however, if it finds that transfer of the case would promote the "interest of justice," the court may do so, provided the transferee district is one in which the action "could have been brought." Other specific prerequisites to transfer under § 1406(a) are: (1) the transferor court must itself have subject-matter jurisdiction of the action, *see* Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); First National Bank of Chicago v. United Air Lines, 190 F.2d 493, 496 (7th Cir. 1951), reversed on other grounds, 342 U.S. 396, 72 S.Ct. 421, 96 L.Ed. 441 (1952), rehearing denied, 343 U.S. 921, 72 S.Ct. 675, 96 L.Ed. 1334; and (2) the action may be transferred only to a district in which venue is proper, Blackmar v. Guerre, 190 F.2d 427 (5th Cir. 1951). affirmed, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1952), and in which the defendants are amenable to service of process. *See* Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960).

At the outset, it is noted that this Court has jurisdiction of the subject-matter of the instant suit under, among other statutes, 28 U.S.C.A. §§ 1331(a)[3] and 1361.[4] For the action arises under 10 U.S.C.A. § 2301 et seq., and plaintiff is seeking to require defendants to comply with the bidding procedure regulations promulgated thereunder.

It is equally clear that the District Court for the Eastern District of Michigan has subject-matter jurisdiction. Moreover, because defendants concede that the cause of action arose in that district and that most of the defendants reside there, venue would be properly laid in the Eastern District of Michigan

---

3. 28 U.S.C.A. § 1331(a) reads as follows:
   "The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."

4. 28 U.S.C.A. § 1361 reads as follows:
   "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

under 28 U.S.C.A. § 1391(e)(1) or (2).[5] Lastly, all the defendants are amenable to service of process there pursuant to 28 U.S.C.A. § 1391(e).[6] It is therefore clear that the Eastern District of Michigan is a district where the instant suit "could have been brought."

All that remains is to determine whether transfer to Michigan would be "in the interest of justice." As noted in 1 Moore's Federal Practice ¶ 0.146[5] at 1909 (2d ed. 1972):

> "Dismissal of an action for improper venue is a severe penalty. Transfer, on the other hand, enables the action to go forward in some proper venue; it is in line with the practice of most state courts; and since it is related to the problem of change of venue under § 1404(a) to a more convenient forum, it is a part of the larger problem of getting judicial business transacted conveniently and expeditiously . . . . Dismissal therefore should be reserved for that action where its institution in an improper forum smacks of harassment or evidences some other element of bad faith on the plaintiff's part."

The Court adopts this statement in concluding that transfer, rather than dismissal of the suit, would further the interests of justice.

## D.  CONCLUSION

This Court holds today that venue is not properly laid in the Northern District of Illinois under 28 U.S.C.A. § 1391(e)(4), and that the instant suit should be, and therefore is, transferred to the United States District Court for the Eastern District of Michigan under 28 U.S.C.A. § 1406(a) for disposition.

So ordered.

5.  28 U.S.C.A. § 1391(e)(1) and (2) reads as follows:
"A civil action in which each defendant is an officer or employee of the United States or an agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, may, except as otherwise provided by law, be brought in any judicial district in which: (1) a defendant in the action resides, or (2) the cause of action arose. . . ."

6.  Basically, 28 U.S.C.A. § 1391(e) provides that the summons and complaint in such an action may be served on the officer or agency by certified mail beyond the territorial limits of the district in which the action is brought.