Melvin **CARTER**, Plaintiff,

v.

John R. **CARLSON** et al., Defendants.

Civ. A. No. 339–69.

United States District Court,
District of Columbia.

Aug. 16, 1972.

Warren K. Kaplan, Washington, D. C., for plaintiff; Ralph J. Temple, American Civil Liberties Union Fund, Washington, D. C., of counsel.

Lorin H. Bleecker, Asst. Corp. Counsel, Washington, D. C., for defendants District of Columbia, Layton and Prete.

## MEMORANDUM OPINION AND ORDER

FLANNERY, District Judge.

In this case, plaintiff has objected to the recommendation of the Assistant Pretrial Examiner dated March 30, 1972. On that date, the Assistant Pretrial Examiner recommended that only a portion of the defendant's documents related to the police investigation of the allegations of police brutality underlying this lawsuit be supplied to the plaintiff.

In his objection, the plaintiff seeks discovery of the remaining documents, including in particular (1) the investigative report on this incident prepared by Officer Kelly of the Internal Affairs Division of the Metropolitan Police Department for the Acting Director of that Division; (2) the evaluation of Officer Kelly's report prepared by Acting Director Wert for Chief of Police Layton; (3) the further evaluation of that report prepared by the Chief of Police for Mayor Washington. The Court has inspected these documents *in camera*.

Although reluctant to make these three documents public, the defendant District of Columbia has supplied to the plaintiff the remainder of its investigative file pertaining to this occurrence. It has given the plaintiff copies of the formal complaint made to the Police Department as well as the sworn answers to that complaint by each of the officers involved and their statements concerning the incident. It has also turned over to the plaintiff copies of a police photograph of the complainant and the arrest records of individuals involved in the incident. In effect, the government has disclosed to the plaintiff the totality of the underlying factual data in its possession concerning its investigation of plaintiff's complaint of police brutality. The government refuses to supply plaintiff with the evaluation of that data and the conclusions drawn from it by the investigating officer and his supervisors.

The defendant supports its refusal to disclose these evaluative reports by invoking a governmental privilege protecting confidential intra-departmental records.* It argues that the privilege is necessary to foster frank and open communication between the police investigators and the Mayor, and that such candor in administering the police department and effectuating discipline where needed serves a beneficial purpose for the community which would be hampered if those making the evaluations knew that their reports would later be subject to public scrutiny. Of course, if such a privilege exists and is applicable, these reports would not be discoverable. *See* F.R.Civ.P. 26(b) (1).

The existence and necessity for such a governmental or executive privilege have been recognized by the courts. *See* United States v. Reynolds, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727 (1953); Carl Zeiss Stiftung v. V. E. B. Carl Zeiss, Jena, 40 F.R.D. 318 (D.D.C.1966) (hereinafter cited as *Zeiss*), aff'd, V. E. B. Carl Zeiss, Jena v. Clark, 128 U.S.App. D.C. 10, 384 F.2d 979, cert. denied, 389 U.S. 952, 88 S.Ct. 334, 19 L.Ed.2d 361 (1967). This privilege has been extended on occasion to protect confidential police records. *See* Kott v. Perini, 283 F. Supp. 1 (N.D.Ohio 1968). *But see* Wood v. Breier, 54 F.R.D. 7 (E.D.Wis. 1972) (investigatory report of alleged police brutality is discoverable).

 However, as the Supreme Court noted in *Reynolds, supra*, executive privilege "is not to be lightly invoked. There must be a formal claim of privilege, lodged by the head of the department which has control over the matter, after actual personal consideration by that officer. The court itself must determine whether the circumstances are appropriate for the claim of privilege . . . ." 345 U.S. at 7–8, 73 S.Ct. at 532 (footnotes omitted. Although *Reynolds* dealt with state and military secrets, its prerequisites for formal invocation of the privilege have been uniformly applied irrespective of the particular kind of executive claim advanced. *See Zeiss, supra*, 40 F.R.D. at 326, n. 33.

In the instant case, no formal claim of privilege has been filed. Although counsel for the government has asserted that

* The government also briefed its contention that these documents were trial preparation materials prepared in antici-pation of litigation. This contention was never seriously pressed in oral argument and the court finds it to be without merit.

the operations of the Internal Affairs Division would be hampered by the disclosure of these documents, that assertion lacks any evidentiary support in this record. Neither the Mayor, the Police Chief nor the Director of the Internal Affairs Division have come forward by way of affidavit or testimony in support of counsel's allegations.

Moreover, the government's policy with respect to revealing police investigative reports is at best ambiguous. While asserting the confidentiality of these documents in this case, existing police regulations provide for the disclosure of such documents to the complainant if Complaint Review Board proceedings are warranted. *See* Reorganization Order No. 48, Part V, Section C(6), (D.C.Code, 1967 Ed., Vol. I, at page 131).

■ Effective administration of the Police Department will never consciously be hampered by this Court, especially where that Department is exercising its public duty to continually scrutinize the conduct of its own officers. But this Court may not withhold otherwise discoverable material solely on the totally unsupported allegation by government counsel that secrecy rather than public disclosure will promote the prompt and honest investigation of alleged police malfeasance. In fact, it may well be the case that the integrity of the intra-departmental investigatory function will be advanced by baring these records to the public eye of interested civil litigants.

■ In any event, the government has not sustained its burden of establishing the existence and applicability of such a privilege, and in light of the oft-enunciated policy of liberal discovery and the Supreme Court caveat against the quick and ready creation of governmental privileges, this Court has no alternative but to sustain the plaintiff's objections to the Assistant Pretrial Examiner's ruling.

Ordered that the following documents:

(1) The investigative report on this incident prepared by Officer Kelly of the Internal Affairs Division of the Metropolitan Police Department for the Acting Director of that Division;

(2) The evaluation of Officer Kelly's report prepared by Acting Director Wert for Chief of Police Layton; and

(3) The further evaluation of that report prepared by the Chief of Police for Mayor Washington

previously filed with the Court for *in camera* inspection, be made a part of the public record in this case and available to the plaintiff.