**THILL SECURITIES CORPORATION et al., Plaintiffs,**

v.

**NEW YORK STOCK EXCHANGE, Defendant.**

**Civ. A. No. 63-C-264.**

United States District Court, E. D. Wisconsin.

Nov. 7, 1972.

8. Judge Friendly also added (at 67) ". . . an exceedingly good one might still do even when there has been some [prejudice]."

9. See n. 7 *supra.*

E. Campion Kersten and Arlo A. Mc-Kinnon, Milwaukee, Wis., for plaintiffs.

Robert V. Abendroth and Don S. Peterson, Milwaukee, Wis., for defendant.

Alan Blank, Washington, D. C., for S. E. C. (intervenor).

Joel Davidow, Lawrence K. Hellman and C. Coleman Bird, U. S. Dept. of Justice, Washington, D. C., for United States of America (intervenor).

## MEMORANDUM DECISION AND ORDER

REYNOLDS, Chief Judge.

The plaintiff Thill Securities Corporation initiated this suit alleging that the New York Stock Exchange's (hereafter "Exchange") antirebate rule violated the antitrust laws. Since the suit was initiated, the Antitrust Division of the United States Department of Justice (hereafter "Antitrust Division") and the Securities and Exchange Commission (hereafter "Commission") have intervened. The matter is now before me on defendant's motion pursuant to Rule 37 of the Federal Rules of Civil Procedure to compel the Antitrust Division and the Commission to produce certain documents.

On June 30, 1972, the Exchange prepared a "Request for Production of Documents" which was served on the Antitrust Division. The Exchange requested the following documents:

1. All documents in the possession, custody, or control of the Division, other than correspondence, which discuss, analyze, or comment upon the adoption, the reasons for the adoption, or the purposes, justification, intended or probable effect of, or legality under the antitrust laws of the antirebate rule or any rules to similar effect, except memoranda filed with the court in this case.

2. All correspondence by and between the Division and the Exchange, the SEC, the NASD, any exchange registered with the SEC, plaintiff Thill Securities Corporation, Lewis Thill, any broker-dealer, member of Congress, or any other person which discusses, analyzes, or comments upon the purposes, justification, intended or probable effect of, or legality under the antitrust laws of the antirebate rule and/or any rules to similar effect.

3. All reports, studies, economic analyses of (including work papers), or commentaries upon, the operation and effects of the antirebate rule, rules to similar effect, and fixed minimum commission rates in the securities industry.

4. All documents which discuss, analyze, or comment upon the aims, objectives, or purposes of the Act or discuss, analyze, or comment upon the criteria for any Exchange rule to be considered "necessary to make the Act work," except memoranda filed with the courts in this case.

5. All drafts of legal memoranda, briefs, or other proposed submissions prepared in connection with the issues in this action prior to the remand ordered by the Court of Appeals for the Seventh Circuit. Thill Securities Corporation v. New York Stock Exchange, 433 F.2d 264 (7th Cir. 1970), cert. denied 401 U.S. 994, 91 S.Ct. 1232, 28 L.Ed.2d 532 (1971).

On the same date an identical request was made of the Commission.

Both the Antitrust Division and the Commission have objected to the production of intra-agency memoranda and communications between the two agencies. They object to the production of intra-agency memoranda because:

1. The documents are irrelevant and their production is not reasonably likely to lead to the discovery of evidence admissible in this action.

2. Many of the memoranda are privileged because they contain opinions, rec-

ommendations, and deliberations which are part of the process by which the agencies' policies and decisions are formulated.

3. Some of the documents contain the work products of staff attorneys and are, therefore, privileged pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure.

The same objections are made to the production of correspondence between the agencies, and, in addition, the parties claim these documents are privileged because the relationship between them is one of attorney and client.

■ The most encompassing objection is that the documents being sought are not relevant. Discovery is limited to relevant matters, Rule 26(b)(1) of the Federal Rules of Civil Procedure, and if the desired intra- and interagency memoranda are not relevant to the issues in the case, the defendant's motion should be denied. In order to determine the relevancy, if any, of these documents, it is necessary to understand the nature of the material as well as that of the issues.

Essentially, the Exchange is seeking those documents through which it can discover the positions and policies both federal agencies have held or established concerning the Exchange's antirebate rule; the facts, evidence, and correspondence upon which those positions were based; and the analysis and deliberation employed in developing them. The issues are well defined in this court's "Order Following Status Conference" signed on July 5, 1972. In this order five "issues to be tried" were listed, four of which are relevant to the matter at hand. They are the Exchange's claimed immunity from the antitrust laws; the Exchange's liability under the antitrust laws; the Exchange's affirmative defenses; and the appropriateness of all requested forms of relief.

■ Given these issues, I cannot find that the information requested by the Exchange is irrelevant. In order to establish immunity from the antitrust laws, the Exchange must be given the opportunity to show that "the antirebate rule must be preserved as 'necessary to make the Securities Exchange Act work.'" Thill Securities Coporation v. New York Stock Exchange, 433 F.2d 264, 270 (7th Cir. 1970), quoting Silver v. New York Stock Exchange, 373 U.S. 341, 357, 83 S.Ct. 1246, 10 L.Ed.2d 389 (1963). If the Exchange fails to establish immunity, presuming the plaintiff satisfies its burden, it then may have to convince the court that the antirebate rule does not violate the antitrust laws or that there are affirmative defenses which bar liability for any violations. To satisfy this burden, the Exchange's attorneys will have to develop a full understanding of the impact of the challenged rule on the securities market and become experts in the relevant parts of the Securities Exchange Act and the antitrust laws. The intervening agencies are charged with enforcing these laws and may be considered repositories of expertise in these matters. They have specifically gathered evidence and analyzed it in order to arrive at their present positions regarding the legality or illegality of the antirebate rule. I believe that the evidence collected and the expertise of staff personnel which is ascertainable through memoranda is relevant for discovery purposes and would aid the Exchange in preparing its case and in understanding the intervenor's positions. Therefore this material should be discoverable unless otherwise privileged.

■ The past positions taken by both agencies concerning the legality of the antirebate rule are also relevant to the issue of relief. In determining which forms of relief are appropriate, this court may be requested to take into account the prior legal opinions of the agencies charged with enforcing the laws at issue. If, for example, the Antitrust Division and the Commission have held

in the past that the challenged rule was not violative of the antitrust laws, that fact would bolster an Exchange's contention that any violations were committed in good faith. Therefore, the defendant is entitled to receive any memoranda which express a formal opinion by a responsible officer concerning the legality of the antirebate rule, whether such opinion was made public or not. By formal opinion I mean one arrived at after carefully collecting evidence and analyzing the issues as opposed to an "educated guess." A responsible officer, as that term is used in this opinion, is one who has the authority to formulate departmental policy concerning this matter. Anything short of a formal opinion and the opinions of subordinate staff personnel is irrelevant. This is so because evidence of these opinions, I believe, is less probative than the fact that the Exchange formulated and enforced this rule for several years without any enforcement action having been taken. If factually established, this court may, if requested, take judicial notice of the concerned agencies' acquiescence.

In addition to the opinions of agency personnel, the material desired by the defendant may be divided into two categories—those documents which contain information which is factual in nature or which will lead the reader to relevant factual material, and those which contain the deliberations and analysis of staff personnel. Since both of these categories of information are relevant, it is necessary to determine if either class is privileged. At the outset, it should be clear that this court must balance any public policy against allowing discovery with the movant's right and need for the desired material in each category. Wood v. Breier, 54 F.R.D. 7, 11 (E.D.Wis. 1972); Olson Rug Company v. N. L. R. B., 291 F.2d 655, 661 (7th Cir. 1961).

▉ I feel that the Exchange is entitled to the factual material which the Division and Commission have gathered to aid in the formulation of policies concerning the antirebate rule. Further, they are entitled to those intra- and inter-departmental memoranda which are in the nature of "investigatory or other factual reports." Boeing Airplane Company v. Coggeshall, 108 U.S.App.D.C. 106, 280 F.2d 654, 660 (1960). In Wood v. Breier, supra, this court recognized the distinction between reports which contain factual material and those which contain policy recommendations. After reviewing the desired material *in camera*, which should not be encouraged, I ordered its production stating: "All the material in the file is of a factual as opposed to a policy discussion nature * * *." Wood v. Breier, supra, 54 F.R. D. at 10. This requirement is, however, subject to the work product exemption which is discussed later.

The second category of desired material consists of those memoranda which contain the deliberative processes and suggestions of agency staff personnel. The production of this material is objected to on two grounds. First, both agencies claim that some of this material is subject to executive privilege, and second, some of it consists of attorneys' work products.

▉ I feel that this is an appropriate case for a government agency to claim executive privilege. The intra-agency communications of personnel in the Justice Department and Commission made pursuant to the development of policy concerning the Exchange's antirebate rule are at very best only marginally relevant to the issues in this suit. Given this marginal relevance, I feel that those policy reasons supporting the privilege [1]

1. For a discussion of the policy behind the privilege, see Kaiser Aluminum & Chemical Corp. v. United States, 157 F.Supp. 939, 141 Ct.Cl. 38 (1958). In an analogous situation, the United States Supreme Court discussed the reasons for not subjecting the executive decisionmaking process to scrutiny in United States v. Morgan, 313 U.S. 409, 422, 61 S.Ct. 999, 85 L.Ed. 1429 (1941).

outweigh any reasons for compelling disclosure. Therefore, those "intra-governmental documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated" need not be produced if the privilege is properly asserted. Carl Zeiss Stiftung v. V. E. B. Carl Zeiss, Jena, 40 F.R.D. 318, 324 (D.C. D.C.1966). In this case, however, the privilege has not been claimd by the proper party nor with the necessary degree of specificity. To the best of my knowledge, executive privilege has always been asserted by the head of the agency claiming the privilege, and such claim has specified with particularity the material which the executive feels is privileged.[2] Even if this has not always been the case, it is wise policy under the circumstances of this case. Given the strong federal preference for complete disclosure, a blanket assertion of the privilege without specificity by the attorneys who are going to try the matter is not adequate. The intervening agencies, particularly the Antitrust Division, have assumed a very active role in the prosecution of this case. It is not appropriate for attorneys who are this close to the matter and who, by the nature of the adversary system, have a vested interest in the outcome to decide whether or not relevant material should be privileged. For this reason the material which might otherwise be eligible for nondisclosure because of executive privilege must be produced unless the privilege is properly claimed by the appropriate agency head. This privilege, if claimed, applies to inter-agency memoranda as well as those prepared for internal use. Freeman v. Seligson, 132 U.S.App.D.C. 56, 405 F.2d 1326, 1339 (1968); Wood v. Breier, 54 F.R.D. 7, 12 (E.D.Wis.1972). When the decision-making authority of two agencies overlap, the reasons underlying the existence of executive privilege apply with equal force to those inter-agency memoranda that satisfy the *Zeiss* criteria. This is true even if the agencies take antagonistic positions.

 The second objection to the production of intra- and inter-departmental memoranda is that some of them consist of attorneys' work products. The objection is valid. In Hickman v. Taylor, 329 U.S. 495, 512, 67 S.Ct. 385, 394, 91 L.Ed. 451 (1947), the Supreme Court held that "the general policy against invading the privacy of an attorney's course of preparation is so well recognized and so essential to an orderly working of our system of legal procedure that a burden rests on the one who would invade that privacy to establish adequate reasons to justify production * * *." The work products of government attorneys are no less protected than those of private attorneys. United States v. Anderson, 34 F.R.D. 518, 522 (D.Colo.1963). Therefore, the burden is on the Exchange to establish that an exception to the general rule is warranted. That burden has not been satisfied and, therefore, I will not order the production of the work products of the Government's attorneys. However, I consider work product to be material prepared in preparation for this case, not just material gathered with the knowledge that it might be used in some future litigation.

 The Antitrust Division and the Commission also object to the production of inter-agency memoranda because it is privileged by their relationship as attorney and client. The relationship may exist between two government agencies. In United States v. Anderson, 34 F.R.D. 518 (D.Colo.1963), the court recognized

2. See, e. g., United States v. Reynolds, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727 (1953); Freeman v. Seligson, 132 U.S. App.D.C. 56, 405 F.2d 1326 (1968); Carl Zeiss Stiftung v. V. E. B. Carl Zeiss, Jena, 40 F.R.D. 318 (D.C.D.C. 1966); Kaiser Aluminum & Chemical Corporation v. United States, 157 F. Supp. 939, 141 Ct.Cl. 38 (1958).

an attorney-client relationship between officials of the Small Business Administration and the United States Attorney's office. The *Anderson* court, however, limited the scope of the privilege, stating that the "documents [which were sought] are privileged insofar as they do not comment or report on information coming from persons outside the government or from public documents, or are summaries of conferences held with or in the presence of outsiders, and were produced with the idea of obtaining or receiving legal advice." 34 F.R.D. at 523. Those communications which meet the requirements of the attorney-client privilege, therefore, need not be produced.

It is therefore ordered:

1. The Antitrust Division and the Commission will produce those documents which contain any formal opinions of responsible officers about the legality of the Exchange's antirebate rule.

2. The Antitrust Division and the Commission will produce those intra- and inter-agency memoranda which are factual in nature, or will lead to factual material not otherwise made available to the Exchange, unless such memoranda are the work products of attorneys.

3. The Antitrust Division and the Commission will produce those intra- and inter-agency governmental documents which reflect advisory opinions, recommendations, or deliberations unless executive privilege is properly claimed by the agency head delineating with specificity those documents claimed or the documents are attorneys' work products.

4. The Antitrust Division and the Commission need not produce those documents which are the work products of staff attorneys working specifically on the case.

5. Those inter-agency memoranda which satisfy the requirements for the existence of an attorney-client privilege in this case need not be produced.

6. All future objections to discovery should contain a request for a specific protective order, if one would be appropriate.