**AMCHEM PRODUCTS, INC.**

v.

**GAF CORPORATION and Russell Train.**

**Civ. A. No. C74–1322A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Nov. 7, 1974.

*sen* where the class numbered more than six million.

John A. Pickens and Kirk M. Mc-Alpin, King & Spalding, Atlanta, Ga., John D. Conner and William J. Wellman,

Sellers, Conner & Cuneo, Washington, D. C., for plaintiff.

J. D. Fleming, Jr., Sutherland, Asbill & Brennan, Atlanta, Ga., for GAF.

Beverly B. Bates, Asst. U. S. Atty., Atlanta, Ga., for Train.

## ORDER

EDENFIELD, Chief Judge.

The captioned case is before the court at this time on the defendants' motion to change the venue and upon the plaintiff's motion to compel the defendant Russell Train to produce for discovery purposes certain documents.

■ With respect to the venue motion the court is persuaded that the action can properly be heard in this district. Essentially plaintiff is seeking to stop the distribution and sale of defendant GAF's product, a plant growth regulator named Cepha, under a registration certificate issued by defendant Russell Train pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA), 7 U.S.C.A. § 135 et seq. There was evidence at the hearing in this court on July 25, 1974 that Cepha was and may still be present in this jurisdiction. While there was no proof that GAF has had any direct contact with this district other than enjoying a contractual relationship with a chemical distributor whose offices are located in Atlanta, the fact that a quantity of Cepha was or is present in Georgia clearly indicates that the defendant is manufacturing the product and selling it somewhere. Amchem alleges that Cepha has been unlawfully registered as a plant growth regulator. The relief available to the plaintiff should it prevail on the merits, would have a direct impact on the actions of defendant Train with respect to Cepha's registration certificate and thereby a direct impact on the sale and distribution of Cepha in Georgia. This jurisdiction in thus clearly an appropriate one in which the case may be tried with respect to defendant Train. 28 U.S.C. § 1391(e); Brotherhood of Locomotive Engineers v. Denver & R. G. W. R.R., 290 F.Supp. 612, 616 (D.Colo. 1968). With respect to GAF, the court is satisfied that GAF is a resident of this jurisdiction for purposes of venue since it is registered to do business within Georgia. 28 U.S.C. § 1391(c). The court agrees with GAF that this forum may not be the "best" suited for the trial of this case. Indeed, the court is somewhat puzzled that Amchem chose this district in which to try its case given the available choice of other forums which seem more closely associated to the facts. However, the "best" forum is not the test for venue and the court is required to weigh the plaintiff's choice of venue heavily. Time, Inc. v. Manning, 366 F.2d 690, 698 (5th Cir. 1966). In this case the court feels that the parties and the cause of action are sufficiently related to this jurisdiction and that venue is proper in this court.

Turning now to plaintiff's motion to compel the production of certain documents in the possession of the defendant Russell Train or the Environmental Protection Agency, the court finds that the documents requested must be produced. The information is requested by the plaintiff for discovery purposes with respect to its position on the effective date of 7 U.S.C.A. § 136a(c)(1) of FIFRA. The effective date of such code section will control the decision in this case. The materials sought are set forth in plaintiff's requests for production numbered 4 and 5:

"4. Copies of all drafts of regulations, policy statements, interpretations or other documents prepared by EPA for the purpose of implementing the consideration of data provisions of Section 3(c)(1)(D) of FIFRA, including:

(a) the dates on which such drafts were prepared;

(b) the person preparing the drafts;

(c) diary entries or other evidence indicating the dates on which such drafts were approved, disapproved, or modified by reviewing EPA personnel and the reasons for such approval, disapproval or modifications.

"5. Copies of any memoranda or opinion or other documents relating to the question of when the consideration of data provision of Section 3(c)(1)(D), became effective."

 The only objection to production of the documents is a vague claim by the defendant Train that requests 4 and 5 seek intra-agency materials. The defendant states that the disclosure of the documents sought would tend to discourage staff personnel from submitting free and candid advice in the formulation of agency policy. The defendant is apparently claiming some sort of executive privilege. Certainly defendant's counsel makes such a claim. However, no reason has been advanced by the defendant which would justify a finding of the privilege. The mere fact that the documents requested were prepared by staff personnel of the EPA for consideration by other staff cannot, without more, justify precluding the plaintiff from discovery of those documents. The discovery rules of the federal civil procedure apply to the United States in litigation in the same fashion as to any other litigant. 8 Wright & Miller, Federal Practice and Procedure, Civil § 2019 at 153 (1970). While the government may claim executive privilege, the law appears settled that the privilege is a discretionary one that depends upon *ad hoc* considerations of competing policy claims, "the policy of free and open discovery juxtaposed to the need for secrecy to insure candid expression of opinions by government employees in the formulation of government policy

. . . . Thus, when the privilege is claimed, it is necessary to balance interests to determine whether disclosure would be more injurious to the consultative functions of government than nondisclosure would be to the private litigant's defense." United States v. 30 Jars, More or Less, of "Ahead Hair Restorer for New Hair Growth", 43 F.R.D. 181, 190 (D.Del.1967); *see also* Thill Securities Corp. v. New York Stock Exchange, 57 F.R.D. 133 (D.Wis.1972); *see, generally,* 8 Wright & Miller, Federal Practice and Procedure, Civil § 2019 (1970).

 Here the plaintiff claims that the defendant Train wrongfully delayed the formulation and implementation of regulations under 7 U.S.C.A. § 136a(c)(1). The plaintiff claims that the defendant either failed to comply completely with the statute or abused his discretion under the statute. Absent a decision by this court on the effective date of § 136a(c)(1), the plaintiff's claims state a basis for relief and thereby a basis for discovery of any material which is relevant to those claims. The defendant's conceptions of the statute's effective date are obviously relevant to the plaintiff's case. The defendant's claim that the material requested is privileged is vague. The defendant has failed to convince the court that the information sought is in any sense "sensitive" or that some policy of the EPA would be jeopardized by disclosure.

 Executive privilege should never be lightly invoked and whenever claimed must be justified by some important countervailing policy. Campbell v. Eastland, 307 F.2d 478, 486 (5th Cir. 1962). Ordinarily there must be a formal claim of the privilege by the head of the department. 8 Wright & Miller, Federal Practice and Procedure, Civil § 2019, at 191 (1970). The determination whether to allow the privilege remains for the court. Here the plaintiff has stated an obvious need for the materials sought. The defendant's claim that the

**554**

materials must be protected from disclosure in order to insure the confidentiality upon which EPA staff rely in making policy recommendations appears insubstantial in contrast to the plaintiff's position and the public's need to know the effective date of 7 U.S.C.A. § 136a(c)(1) or whether the defendant abused his discretion in failing to promulgate regulations thereunder prior to this time. Moreover, the defendant has never filed with the court a formal claim of executive privilege. Rather, the court has received only a copy of a letter written by the defendant to the local United States attorney in which the defendant states that the information sought falls within a category of information which his agency never discloses. There is no mention of executive privilege by the defendant. There is no indication as to what, if any, of the material was specifically reviewed by the defendant. This is a requirement for a claim of executive privilege. Carter v. Carlson, 56 F.R.D. 9 (D.D.C.1972). Executive privilege has been asserted in this case only by counsel to the defendant.

After careful consideration, the court finds that executive privilege has been improperly injected into this case. The court finds further that the plaintiff has compelling reasons to obtain the material sought. Finally, the court is of the opinion that a decision on the merits in this case should be reached at the earliest opportunity. Full and complete discovery will serve the best interests of the parties and the court in arriving at that decision.

*Summary*

1. The defendants' motions for a change of venue are denied.

2. The plaintiff's motion for the production of documents for inspection and copying is granted. The defendant Train shall have seven (7) days from the date of this order to produce the requested documents.