453 F.2d 890
 PACE COMPANY, Division of AMBAC Industries, Plaintiff-Appellee,
v.
Stanley RESOR, Secretary of the Army, et al., Defendant-Appellant.
PACE COMPANY, Division of AMBAC Industries, Plaintiff-Appellee,
v.
MAXSON ELECTRONICS CORPORATION, Intervenor-Defendant-Appellant.
 Nos. 71-1974, 71-1975.
 United States Court of Appeals,
Sixth Circuit.
 Dec. 9, 1971.
Certiorari Denied March 6, 1972.
See 92 S.Ct. 1192.
 
 Robert E. Kopp, Dept. of Justice, Washington, D. C., for Stanley Resor, and others; L. Patrick Gray, III, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., on motion for summary reversal or for stay pending appeal.
 Robert L. Ackerly, Washington, D. C., for Maxson Electronics Corp.; Sellers, Connor & Cuneo, Washington, D. C., on motion for summary reversal or for stay pending appeal.
 Charles M. Crump, Memphis, Tenn., for plaintiff-appellee; Apperson, Crump, Duzane & Maxwell, Memphis, Tenn., on memorandum in opposition to motion for summary reversal or for stay pending appeal; Vincent J. O'Reilly, Donald V. Bakeman, Carle Place, N. Y., Allen T. Malone, Memphis, Tenn., of counsel.
 Before PHILLIPS, Chief Judge, and McCREE and KENT, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from orders of the District Court granting and refusing to vacate or stay a preliminary injunction restraining the defendant-appellant from awarding a contract to the intervenor-defendant-appellant pursuant to an invitation for bids to furnish a quantity of 81MM shells for delivery to the United States Army in Vietnam.
 
 
 2
 We need not and do not reach the issue of whether the District Court had jurisdiction to issue the injunction pursuant to the provisions of the Administrative Procedure Act, 5 U.S.C. Sec. 706, at the request of plaintiff-appellee as a disappointed bidder. See Perkins v. Lukens Steel Co., 310 U.S. 113, 60 S.Ct. 869, 84 L.Ed. 1108 (1940); Scanwell Laboratories, Inc. v. Shaffer, 137 U.S.App.D.C. 371, 424 F.2d 859 (1970); M. Steinthal & Co. v. Seamans, 455 F.2d 1289 (D.C.Cir. 1971). Neither do we reach the issue as to whether the granting of the injunction was a proper exercise of the discretion of the trial court. We do not reach these issues because we conclude that the District Court abused its discretion in not vacating the injunction upon the representation by the Secretary of the Army that the National welfare will be materially affected by the injunction. On the basis of the affidavits on file we find the National interest to be of such overriding importance as to render the failure to vacate the injunction an abuse of discretion.
 
 
 3
 We have not been cited any authority in which any Court of the United States has enjoined the acquisition of munitions after a responsible officer has certified such munitions as necessary for support of troops engaged in military operations.
 
 
 4
 The cause is remanded to the District Court with instructions to vacate the injunction.