**HONEYWELL, INC., Plaintiff,**

v.

**CONSUMER PRODUCT SAFETY COMMISSION, Defendant.**

Civ. No. 4–83–270.

United States District Court,
D. Minnesota,
Fourth Division.

May 16, 1983.

Patrick W. Lee and Clifton S. Elgarten, Crowell & Moring, Washington, D.C., George W. Flynn and Robert L. Collins, Faegre & Benson, Minneapolis, Minn., for plaintiff.

Vicki G. Golden, Civ. Div., U.S. Dept. of Justice, Washington, D.C., James M. Rosenbaum, U.S. Atty., Minneapolis, Minn., for defendant.

## ORDER

MILES W. LORD, Chief Judge.

### INTRODUCTION

This matter comes before the court upon the motion of Honeywell, Inc., to restrain the Consumer Product Safety Commission from prosecuting a civil penalty action against Honeywell pursuant to 15 U.S.C. § 2069 in the Commission's administrative non-judicial proceeding. Defendant Consumer Product Safety Commission moves the court to dismiss the plaintiff's complaint pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. The motions of the parties were heard before this court on April 4, 1983, at which time the matter was taken under advisement.

On April 15, 1983, this court entered a restraining order preserving the status quo until such time as an order addressing the substantive issues is filed.

For the reasons stated below, the motion of the Consumer Product Safety Commission is granted and the motion of Honeywell, Inc., is denied.

### FACTS

The plaintiff, Honeywell, Inc., is a Delaware corporation with its principal place of business in Minnesota. The defendant, Consumer Product Safety Commission, is a statutorily-created regulatory agency located in the District of Columbia.

On March 7, 1983, the Consumer Product Safety Commission issued a two count administrative complaint against Honeywell, Inc. The first count alleges, *inter alia,* that certain Honeywell combination gas controls contain a defect which, when used with liquid propane gas, renders them a substantial product hazard within the meaning of 15 U.S.C. § 2064. Honeywell concedes that the issues raised in Count I of the complaint are to be determined in the first instance by the Commission in the course of an administrative hearing established in 15 U.S.C. § 2064(c), (d), (e) and (f).

The second count seeks to compel Honeywell to notify the public that a defect exists and to recall the questioned gas controls. In addition, Count II asks the Commission to impose a $500,000 civil penalty against Honeywell pursuant to the civil penalty provisions of 15 U.S.C. § 2069 (Supp. V 1981). The penalty assessment is based on the allegation that Honeywell was required to report information about its defective product to the Commission but failed to do so, in violation of 15 U.S.C. § 2068(a)(4). In response to Count II, Honeywell contends that there is no authority in 15 U.S.C. § 2069 for the Commission to exact a civil penalty through an in-house administrative proceeding.

On March 25, 1983, the plaintiff in this action filed suit in United States District Court seeking an injunction barring the prosecution of an in-house civil penalty action by the Consumer Product Safety Commission. The defendant responded with a motion to dismiss for improper venue.

## DISCUSSION

The threshold consideration for this court is whether, under 28 U.S.C. § 1391(e), venue in the District of Minnesota is proper.

Section 1931(e) of Title 28 provides in pertinent part that:

A civil action in which a defendant is . . . any agency of the United States, or the United States, may . . . be brought in any judicial district in which . . .

(2) the cause of action arose, or . . .

(4) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e). Honeywell contends that venue lies in the District of Minnesota under both of the quoted provisions.

Initially, Honeywell argues that the cause of action arose in Minnesota. In support of its position, Honeywell contends that the "impact and operation of the CPSC actions would be felt principally" in Minnesota where Honeywell has its principal offices, in spite of the fact that many of the acts of the CPSC sought to be enjoined by Honeywell would take place in the District of Columbia and states other than Minnesota. (Plaintiff's Supplemental Memorandum of Law in Support of Honeywell's Response to CPSC's Motion to Dismiss, April 12, 1983.) Honeywell urges that the construction of "where the cause of action arose" take into consideration the place where an order issued by CPSC is put in operation and has its effect. According to the plaintiff, that place is the District of Minnesota.

Although Honeywell argues persuasively that the impact of the CPSC order will be felt strongly in Minnesota, the site of Honeywell's principal offices, this court cannot accept the plaintiff's interpretation that the Minnesota "place of impact" is "where the cause of action arose" for purposes of section 1391(e)(2). Honeywell's construction of section 1391(e)(2) would have the effect of making venue purely a matter of subjective evaluation of potential impact on the plaintiff in a given action. As the Court of Appeals for the Seventh Circuit stated in *Reuben H. Donnelley Corp. v. FTC,* 580 F.2d 264 (7th Cir.1978), "[t]o base a venue determination on the possibility of some future administrative ruling approaches the question backwards." *Donnelley* at 268.

■ While case law seems to support an "impact" theory, not one of the cases reported grounds venue on prospective effects. In addition, each court requires some acts within the respective jurisdictions to justify a holding that venue would properly lie. *See Brotherhood of Locomotive Engineers v. Denver & Rio Grande Western*

*Railroad,* 290 F.Supp. 612, 616 (D.Colo.1968), aff'd 411 F.2d 1115 (10th Cir.1969); *Kletschka v. Driver,* 411 F.2d 436 (2d Cir. 1969); *Amchem Products v. GAF,* 64 F.R.D. 550 (N.D.Ga.1964); *Travis v. Anthes Imperial,* 473 F.2d 515 (8th Cir.1973). It appears, in the instant case, that an interpretation of impact which is more faithful to the case law leads one to the conclusion that venue would more properly lie in California than Minnesota. It was in California that the gas controls which are the subject of the administrative suit were designed, manufactured, and distributed. However, it is the opinion of this court that the cause of action here arose with the commencement of an administrative proceeding in the District of Columbia against Honeywell by the CPSC. It was that event which gave rise to the instant suit and, therefore, the cause of action did not arise, under any theory, in the District of Minnesota. Therefore, venue in Minnesota is not proper under § 1391(e)(2).

The plaintiff's final argument in response to the defendant's motion to dismiss is that venue in Minnesota is proper under section 1391(e)(4) because Honeywell resides in this district. In support of its contention, Honeywell cites the *Munsingwear* decision in which Judge Devitt held that for venue purposes a corporation is a resident of the district in which it has its principal place of business. *Munsingwear Inc. v. Damon Coats,* 449 F.Supp. 532 (D.Minn.1978). According to Judge Devitt's analysis,

> Venue rules are intended to facilitate convenience of the parties, and the convenience of the plaintiff, who chose the forum, normally should be given deference.... Given these principles, it makes little sense to adopt a rule whereby a plaintiff corporation is not considered a resident for venue purposes, of the state where its principal place of business is located simply because it chose for business purposes to incorporate in a state other than the one where it in fact

does most of its business. Therefore, venue is proper in Minnesota because plaintiff is a resident of Minnesota.

*Munsingwear,* 449 F.Supp. at 536–37 (citations omitted).

■ While this court would have no trouble at all adopting the sound reasoning of Judge Devitt in the same fact situation, the fact that venue in *Munsingwear* was based on section 1391(a) and venue in the instant action is based on section 1391(e)(4) renders the *Munsingwear* decision inapplicable to the instant action. In addition, each of the six courts of appeals having an opportunity to address the issue of corporate residence under section 1391(e)(4) has uniformly concluded that a corporate plaintiff may maintain an action under that section only in the state of incorporation. *Reuben H. Donnelley Corp. v. FTC,* 580 F.2d 264, 269, n. 10 (7th Cir.1978).

In *Donnelley,* the plaintiff, incorporated under the laws of Delaware, brought suit in the Northern District of Illinois, arguing that venue was proper in that district because the plaintiff was doing business in Chicago and, therefore was a resident under section 1391(e)(4). The Court of Appeals for the Seventh Circuit engaged in an historical analysis of the venue provisions and rejected the plaintiff's argument that section 1391(e), which contains the definition of corporate residence for purposes of venue,[1] applies to plaintiff corporations as well as defendant corporations. While recognizing that, historically, the courts have declared that a corporation's residence for venue purposes was the state of incorporation, the *Donnelley* court stated that Congress broadened the venue provision in 1948 to deny to defendant corporations "the ability to inflict injury or breach contracts and then force upon the injured parties the burden of finding where the business was incorporated and maintaining an action there." *Donnelley* at 269. The provision was clearly enacted to rectify a specific

---

1. Section 1391(c) provides:

    A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such

    judicial district shall be regarded as the residence of such corporation for venue purposes.

injustice which resulted from the traditional interpretation of "residence." It is the opinion of this court that to extend the application of section 1391(e) to section 1391(e)(4) as it relates to the instant case would be to misconstrue the legislative purpose for broadening the venue provision. Any deviation from the established concepts of residence "would encourage forum shopping and would favor corporate plaintiffs over individual plaintiffs who have but one residence." *Donnelley* at 270.

Therefore, based upon the foregoing reasons, IT IS HEREBY ORDERED That the action is dismissed.