**William G. LOUWERS, Plaintiff,**

**v.**

**KNIGHT–RIDDER NEWSPAPERS, INC., a New York Corporation and Detroit Free Press, Inc., a Michigan Corporation, Defendant.**

**Civ. A. No. 82–60319.**

United States District Court, E.D. Michigan, S.D.

Sept. 6, 1983.

Allyn D. Kantor, DeVine, DeVine, Kantor & Serr, Ann Arbor, Mich., for plaintiff.

Herschel P. Fink, Norman C. Ankers, Honigman, Miller, Schwartz & Cohn, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This matter is before the court on the defendants' Motion for Rehearing of a motion regarding the subject matter jurisdiction and the venue in this case. The court originally held that the court had both subject matter jurisdiction and venue in an oral opinion. Defendants have filed a motion for rehearing.

At the time this action was instituted, the plaintiff was alleged to be a citizen and resident of the state of Michigan. The only defendant, Knight-Ridder Newspapers, Inc., was alleged to be incorporated in the state of Florida having its principal place of business in Florida. The action was brought in the Eastern District of Michigan. This was a proper place of venue according to 28 U.S.C. § 1391(a), and the court had jurisdiction over the foreign corporation under Title 28, § 1393(b).

Subsequent to the filing of the action, the plaintiff moved from Michigan to Ohio and became a citizen of the state of Ohio. His move to Ohio and his obtaining citizenship in the state of Ohio did not destroy this court's subject matter jurisdiction. *Mas v. Perry*, 489 F.2d 1396 (5th Cir.1974). That jurisdiction is determined as of the date the action was filed. *Smith v. Sperling*, 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957). In the same way, venue is not destroyed. Venue is determined as of the date in which the action was filed. *Lee v. Hunt*, 410 F.Supp. 329 (D.La.1976). The move to Ohio might give the court reason to exercise its' discretion in connection with venue under 28 U.S.C. § 1404(a), but, the court has declined to do this.

Subsequent to the move to Ohio the plaintiff filed an amended complaint adding as a new defendant, the Detroit Free Press, a Michigan corporation having its' principal place of business in Michigan. The question raised by the motion in this case is twofold:

1. Does the addition of the Free Press destroy the subject matter jurisdiction? In other words, at the time the action was commenced the plaintiff was a citizen of the state of Michigan. The Free Press being of the state of Michigan and being on the opposite side of the case, is there complete diversity?

2. Does the addition of the Free Press destroy venue because it is alleged that the residence of the plaintiff is no longer the state of Michigan, nor is it the residence of both defendants?

As to the subject matter jurisdiction, the court is of the opinion that although subject matter jurisdiction is always determined as of the date of the filing of the complaint, in a case such as this, when a

complaint is filed against a new defendant, the subject matter jurisdiction over that defendant must be determined as of that date and not as of the date of the filing of the original complaint. Therefore, since the plaintiff was a citizen of Ohio at the time the Free Press was added as a defendant, and the defendant Free Press was incorporated and had its principle places of business in Michigan at that time, there is diversity of citizenship between the plaintiff and that defendant.

Venue was proper when this case began, the action having been brought in the district of plaintiff's residence. The added defendant resides in this district and can have no cause for contending that venue is improper. Therefore, this court is not deprived of venue in this case.

In addition, there are sufficient facts floating around to suggest that the cause of action arose at least in part in the state of Michigan and that the Eastern District of Michigan is the proper place of venue under 28 U.S.C. § 1391(a) for this reason as well.

For all of these reasons, the defendants' motion for reconsideration or for rehearing of the original motion is denied.

So Ordered.