INDEPENDENT BANKERS ASSOCIATION OF AMERICA, a Minnesota not-for-profit corporation, Plaintiff,

v.

C. Todd CONOVER, Comptroller of the Currency of the United States of America, and Dimension Financial Corporation, a Delaware corporation, Defendants.

No. 84 C 5638.

United States District Court, N.D. Illinois, E.D.

Oct. 2, 1984.

H. Boone Porter, III, Brown, Koralchik
& Fingersh, Overland Park, Kan., F. John

McGinnis, Altheimer & Gray, Chicago, Ill., for plaintiff.

L. Robert Griffin, Litigation Div., Office of the Comptroller of the Currency, Shalom Brilliant, Dept. of Justice, Civil Div., Washington, D.C., Dan K. Webb, U.S. Atty. by Mary Anne Mason, Asst. U.S. Atty., Chicago, Ill., for federal defendant.

Frank Cicero, Stanley L. Ferguson, Kirkland & Ellis, Chicago, Ill., Jeffrey S. Davidson, David K. Perdue, Glenn Summers, Harry J. Kelly, Kirkland & Ellis, Washington, D.C., for defendant Dimension.

## MEMORANDUM ORDER

BUA, District Judge.

Before the Court is federal defendant's motion to dismiss for lack of proper venue or, in the alternative, to transfer this case to the District Court of the District of Columbia pursuant to 28 U.S.C. § 1404(a). For the reasons stated herein, federal defendant's motion to dismiss is denied, and pursuant to 28 U.S.C. § 1406(a), this action is transferred to the District Court for the District of Columbia. Pursuant to 28 U.S.C. § 1404(a), defendant Dimension's counterclaim is also transferred to the District of Columbia.

## I. FACTS

The plaintiff, Independent Bankers Association of America (IBAA) is a Minnesota corporation with its principal place of business in the District of Columbia. The defendant, the Comptroller of the Currency, resides in the District of Columbia. The defendant, Dimension Financial Corporation (Dimension) is a Delaware corporation with its principal place of business in Denver, Colorado.

IBAA filed this action on July 2, 1984, challenging a decision issued by the Comptroller on May 9, 1984, concerning an application filed on behalf of Dimension to charter 31 national banks. In that decision, the Comptroller granted preliminary approval to 4 of the 31 banks and made approval of the remaining 27 banks contingent on the opening and satisfactory operation of the initial 4 banks. Subsequently, Dimension announced plans to open four banks in San Mateo, California, Boca Raton, Florida, Newton, Massachusetts, and McLean, Virginia.

In its complaint, IBAA seeks a declaratory judgment "that a portion of the [Comptroller's decision] ... purporting to determine the merits of certain controversies arising under the Bank Holding Company Act (12 U.S.C. §§ 1841 *et seq.*) is unlawful," and an injunction prohibiting the Comptroller "from issuing a final charter or certificate of authority to commence business to any of the proposed national bank subsidiaries of Dimension ... until such time that the Board of Governors of the Federal Reserve System ... determines on the merits whether Dimension can lawfully acquire national bank subsidiaries under the Bank Holding Company Act...." Jurisdiction was based on 28 U.S.C. § 1331 since the action involves interpretation of the Bank Holding Company Act.

On July 17, 1984, Dimension applied to intervene in this case and tendered its antitrust counterclaim. The counterclaim named IBAA as a conspirator in an anticompetitive misuse of administrative and judicial processes that was intended to prevent the establishment of the Dimension banks. Intervention was granted on August 14, 1984.

## II. DISCUSSION

Venue in this case is governed by 28 U.S.C. § 1391(e), which provides in pertinent part:

A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority ... may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, or (2) the cause of action arose, or (3) any real property involved in the action is situated, or (4) the plaintiff resides if no real property is involved in the action....

IBAA argues that venue is proper under subsection (2) because the cause of action arose in this district, and under subsection (4) and 28 U.S.C. § 1394 because IBAA brings this action derivatively on behalf of its member banks, including 152 national banks located within Illinois.

### 1. Where the Cause of Action Arose

IBAA argues that its claim arose in this district because "of the 31 charters requested, one was to have been issued to a bank in this district.... This would have injured the Deerbrook State Bank in Deerfield, Illinois...." Plaintiff's Response, p. 5. Plaintiff urges the application of an "impact" theory to determine where the cause of action arose under Section 1391(e)(2). Since the Comptroller's decision would have an impact on the Deerbrook State Bank in this district, IBAA concludes that the cause of action arose here and therefore venue is proper in this district.

■ This Court rejects the "impact" theory, *i.e.*, the plaintiff's interpretation that the Illinois "place of impact" is "where the cause of action arose" for purposes of Section 1391(e)(2). IBAA's construction of Section 1391(e)(2) would make venue purely a matter of subjective evaluation of potential impact on the plaintiff in a given action. *Honeywell, Inc. v. Consumer Product Safety Commission*, 566 F.Supp. 500, 501 (D.Minn.1983). As the Court of Appeals for the Seventh Circuit stated in *Reuben H. Donnelley Corp. v. FTC*, 580 F.2d 264 (7th Cir.1978), "to base a venue determination on the possibility of some future administrative ruling approaches the question backwards." *Id.* at 268. In the present case, the Comptroller's decision did not occur in this district and did not approve the establishment of a Dimension bank in this district. Therefore, the cause of action did not arise here under Section 1391(e)(2) and venue is improper thereunder.

### 2. Where Plaintiff Resides

Although it is a Minnesota corporation with its principal office in the District of Columbia, IBAA contends that it resides in this district because it has member banks here and therefore is engaged in business. In support of this contention, IBAA argues that, for purposes of the venue statute, a corporate plaintiff resides wherever it is doing business. In addition, it argues that an unincorporated association may sue wherever it is doing business.

■ Plaintiff's first argument is misplaced in the context of Section 1391(e)(4). In the Seventh Circuit, a corporate plaintiff may maintain an action under this subsection only in the state of incorporation. *Reuben H. Donnelley v. FTC, supra*, at 270. Since its place of incorporation is Minnesota, not Illinois, IBAA does not reside in this district for purposes of Section 1391(e)(4).

■ Plaintiff's second argument, while correct, does not support its residence in this district because it has failed to establish that it does business here. While it is well settled that an unincorporated association resides wherever it is doing business for venue purposes, *Denver & R.G.W.R. Co. v. Railroad Trainmen*, 387 U.S. 556, 87 S.Ct. 1746, 18 L.Ed.2d 954 (1967), it is not clear that having members in a district qualifies an unincorporated association as doing business there. Contrary to the plaintiff's contention, the case of *Brotherhood of Locomotive Engineers v. Denver & R.G.W.R. Co.*, 290 F.Supp. 612 (D.Colo. 1968), *aff'd*, 411 F.2d 1115 (10th Cir.1969) does not establish that an unincorporated association can sue in any district in which it has members.

Another factor which constrains the Court from adopting plaintiff's second argument is the narrow construction given to a corporation's residence for venue under Section 1391(e)(4). The "doing business" standard is not available to establish a corporation's residence under that subsection. *Reuben H. Donnelley Corp. v. FTC, supra*, at 270. A corporation may only reside in its place of incorporation for venue under Section 1391(e)(4). *Id.* Since an unincorporated association is treated analogously to a corporation for venue purposes,

Denver & R.G.W.R. Co. v. Railroad Trainmen, supra; Brown v. Berenson, 432 F.2d 538, 544 (5th Cir.1970), its residence should be restricted to its place of incorporation for venue under Section 1391(e)(4).

However, it need not adopt this restrictive interpretation since the Court narrowly construes the "doing business" requirement as a basis for residence of unincorporated associations. In order to be "doing business" in a district for venue under Section 1391(e)(4), an unincorporated association must conduct some activities or have an office or agent within the district. In other words, something more than merely having members present in the district is required for an unincorporated association's residence under Section 1391(e)(4).

■ In the present case, IBAA has no office in and conducts no activities within this district. From the record of the case, it is clear that the plaintiff attempts to bootstrap itself into residence in this district by joining the protest of the Deerbrook State Bank to the Comptroller's decision. Since IBAA has not shown that it does business in this district, venue is improper here under Section 1391(e)(4).

■ The above analysis—that IBAA is not "doing business" in this district for venue under Section 1391(e)(4)—yields the same result when applied to plaintiff's argument for venue here under 28 U.S.C. § 1394. That section allows a national banking association to bring injunctive actions against the Comptroller "in the judicial district where such association is located." Since it has no office or agent in this district and conducts no activities here, IBAA is not located in this district. Therefore, venue is improper hereunder Section 1394.

### 3. Transfer Under Section 1406(a)

■ Where the district court finds that a case before it has improper venue, it may "transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In the present case, venue is governed by Section 1391(e). The

Court has already determined that venue is improper in this district under subsections (e)(2) and (4). However, this action could have been brought in the District of Columbia since, under subsection (e)(1), it is the place where the defendant resides, i.e., where the Comptroller has his principal office. In addition, since the Comptroller's decision was made in and issued from the District of Columbia, the cause of action arose and venue is proper there under subsection (e)(2).

### 4. Dimension's Counterclaim

Dimension filed a motion urging the Court to maintain its counterclaim in this district because, even if IBAA's venue is improper here, the counterclaim arose out of activities of IBAA and others here. The counterclaim alleges an antitrust conspiracy based on an abuse of administrative and judicial processes, presumably in IBAA's protesting the Comptroller's decision.

■ Since the counterclaim was filed by Dimension as a defendant-intervenor against the plaintiff IBAA, the Court will consider Dimension to be the plaintiff and IBAA the defendant for purposes of proper venue under Section 1391(b), re: the counterclaim. Although Dimension's allegations regarding the antitrust conspiracy were conclusory and lacking in specific facts, the Court will assume that venue is proper here as the place where the claim arose under § 1391(b). However, the Court disagrees with Dimension's conclusion that the counterclaim should remain here.

■ A court may transfer a case on its own motion. National Acceptance Co. of America v. Wechsler, 489 F.Supp. 642, 649 fn. 9 (N.D.Ill.1980). Pursuant to 28 U.S.C. § 1404(a), a district court possesses the discretion to transfer any civil action to another district court where the action originally might have been brought when to do so would be for the convenience of the parties and witnesses and in the interest of justice. Id. at 649. Both IBAA and Dimension have argued for the propriety of venue in

this district. However, IBAA's argument related only to its original complaint against the Comptroller and not to Dimension's antitrust counterclaim. Therefore, the Court will consider only Dimension's arguments in favor of venue in this district.

In relation to the convenience of the parties and the witnesses, IBAA's offices and personnel are located in the District of Columbia. While IBAA chose this district for its claim against the Comptroller, it did not contemplate intervention by Dimension and the filing of its counterclaim. Therefore, IBAA's choice of this district for its claim does not constitute consent or waiver to venue here regarding the counterclaim. Indeed, the Court believes that it would be unfair to IBAA to have to litigate two lawsuits instead of one when the claim and counterclaim arise essentially out of the same controversy, *i.e.*, the Comptroller's decision and IBAA's challenge to it. Dimension offers little in the way of factual allegations which show that it would be inconvenienced by the transfer. Therefore, the unfairness and inconvenience to IBAA outweighs the inconvenience to Dimension.

In addition, the interest of justice would be best served if the counterclaim was transferred to the District of Columbia along with IBAA's claim. The counterclaim's transfer would prevent a duplicity of actions arising out of a single controversy. Dimension's allegations regarding the abuse of judicial and administrative processes attack the lack of substance in IBAA's challenge to the Comptroller's decision. If it exists, this lack of substance will be best determined where IBAA's correspondence and memoranda are located and where the correctness of the Comptroller's decision will be decided. Since the District of Columbia is the best place to find evidence regarding Dimension's counterclaim, a duplicity of actions arising from severance of the counterclaim would be wasteful and not in the interest of justice.

## 5. *Transfer of Entire Case to District of Columbia*

The District of Columbia is a proper district for transfer since the counterclaim defendant IBAA resides there for venue and jurisdictional purposes under § 1391(b). In addition, transfer of the original claim to the District of Columbia is proper because the defendant Comptroller resides there for purposes of jurisdiction and venue under § 1391(e)(1) and because the claim arose there under § 1391(e)(2). The Court offers no opinion on the merits of IBAA's motion for a preliminary injunction and leaves it to be decided by the transferee court.

Accordingly, pursuant to § 1406(a), IBAA's claim is transferred to the U.S. District Court for the District of Columbia. Pursuant to § 1404(a), Dimension's counterclaim is transferred along with IBAA's claim to the U.S. District Court for the District of Columbia.

IT IS SO ORDERED.