**FLOWERS INDUSTRIES, INC.,**
Plaintiff–Appellee,

v.

**FEDERAL TRADE COMMISSION,**
Defendant–Appellant.

No. 87–8777.

United States Court of Appeals,
Eleventh Circuit.

Dec. 15, 1987.

776

Jack Hood, Asst. U.S. Atty., Macon, Ga., David C. Shonka, F.T.C., Washington, D.C., for defendant-appellant.

Kent E. Mast, Hansell and Post, L. Catharine Cox, James A. Gilbert, Lee Trammell Newton, Jr., Atlanta, Ga., for plaintiff-appellee.

John S. Springer, Sprouse, Tucker & Ford, P.C., Columbus, Ga., William C. Brashares, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., Charles A. Samuels, Washington, D.C., for amicus curiae BNJ Inc.

Before ANDERSON, EDMONDSON and GOODWIN *, Circuit Judges.

PER CURIAM:

The Federal Trade Commission ("FTC") appeals from the grant of a preliminary injunction. The preliminary injunction prevents the FTC from enforcing its decision that Flowers Industries ("Flowers") must sell bakeries in Gadsden, Alabama, and High Point, North Carolina, to Mills Family Bakery ("Mills") under the terms of a consent order. Because we conclude that venue was improper, we vacate the judgment of the district court and remand. We will, however, temporarily continue the preliminary injunction so that the status quo will be maintained until the district court acts on our mandate.

When Flowers filed this suit, it was a Delaware corporation with its principal place of business in Thomasville, Georgia.[1] Flowers claimed venue in the Middle District of Georgia under 28 U.S.C. § 1391(e)(4).[2] That section allows a plaintiff to bring an action against an agency of

---

\* Honorable Alfred T. Goodwin, U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

1. Although Flowers began the process of changing its incorporation to Georgia while this case was pending, we give no weight to this change because venue must be determined based on the facts at the time of filing. *Paul v. International Precious Metals Corp.*, 613 F.Supp. 174, 179 (S.D. Miss.1985); *Louwers v. Knight–Ridder Newspapers, Inc.*, 570 F.Supp. 1211, 1212 (E.D.Mich. 1983). *See also Smith v. Sperling,* 354 U.S. 91, 93 n. 1, 77 S.Ct. 1112, 1113 n. 1, 1 L.Ed.2d 1205 (1957) (diversity jurisdiction determined by the situation at the time of filing).

2. 28 U.S.C. § 1391(e) provides:
   (e) A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, or (2) the cause of action arose, or (3) any real property involved in the action is situated, or (4) the plaintiff resides if no real property is involved in the action....

Flowers does not make any claim of venue under (1), (2), or (3).

the United States in the district where the plaintiff resides if no real estate is involved. The issue here is the meaning of residence when the § 1391(e)(4) plaintiff is a corporation.[3] We believe that both the legislative history and the case law dictate the conclusion that for purposes of § 1391(e)(4) a corporation resides only in the state in which it is incorporated.

Congress enacted § 1391(e) in 1962.[4] At that time, it was already well-settled that for purposes of the general venue statutes a corporation resided only in its state of incorporation. *Suttle v. Reich Brothers Construction Co.*, 333 U.S. 163, 68 S.Ct. 587, 92 L.Ed. 614 (1948). If Congress had wanted to extend the accepted meaning of residence for corporations in § 1391(e)(4), it would have said so. We can find no such indication in the statute or the legislative history.[5] Indeed, Congress had already demonstrated its understanding of this problem with respect to corporate *defendants* in 1948 by enacting 28 U.S.C. § 1391(c) (corporation may be sued in any

"district in which it is incorporated or licensed to do business or is doing business").[6]

The case law points to the same conclusion. Both circuits that have squarely faced the issue have decided that for purposes of § 1391(e)(4) a corporation resides only in its state of incorporation. *Johns–Manville Sales Corp. v. United States*, 796 F.2d 372, 373 (10th Cir.1986); *Reuben H. Donnelley Corp. v. FTC*, 580 F.2d 264, 268–70 (7th Cir.1978). The *Johns–Manville* case is particularly persuasive because it involved a claim of residence based on the location of the corporation's principal place of business much like the one at issue here. Moreover, the former Fifth Circuit indicated in dicta that a corporation always resides only in the state of incorporation for purposes of a specific venue statute unless there is some contrary indication. *Tenneco Oil Co. v. EPA*, 592 F.2d 897, 899 (5th Cir.1979). The weight of authority in the district courts also supports our decision here.[7]

---

**3.** The Supreme Court noted that this was an open question in *Abbott Laboratories v. Gardner*, 387 U.S. 136, 156–57 n. 20, 87 S.Ct. 1507, 1519–20 n. 20, 18 L.Ed.2d 681 (1967).

**4.** Mandamus and Venue Act of 1962, Pub.L. No. 87–748, § 2, 76 Stat. 744 (1962).

**5.** *See* S.Rep. No. 1992, 87th Cong., 2d Sess. (1962), *reprinted in* 1962 U.S.Code Cong. & Ad. News 2784; H.Rep. No. 536, 87th Cong., 1st Sess. (1961).

**6.** Act of June 25, 1948, ch. 646, 62 Stat. 869, 935 (1948). 28 U.S.C. § 1391(c) further provides that "such judicial district shall be regarded as the residence of such corporation for venue purposes." In early years, it was argued that this language extended the definition of residence to corporate *plaintiffs* as well. *See Abbott Laboratories v. Gardner*, 387 U.S. at 156–57 n. 20, 87 S.Ct. at 1519–20 n. 20. However, a number of circuits have now held that § 1391(c) applies only to corporate defendants. *Rosenfeld v. S.F.C. Corp.*, 702 F.2d 282, 283 (1st Cir.1983); *Reuben H. Donnelley Corp. v. FTC*, 580 F.2d 264, 269–70 (7th Cir.1978); *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1289 (9th Cir.1977); *American Cyanamid Co. v. Hammond Lead Products, Inc.*, 495 F.2d 1183, 1185–87 (3d Cir.1974); *Manchester Modes, Inc. v. Schuman*, 426 F.2d 629, 630–33 (2d Cir.1970); *Carter–Beveridge Drilling Co. v. Hughes*, 323 F.2d 417, 418 (5th Cir.1963); *Robert E. Lee & Co. v. Veatch*, 301 F.2d 434, 436–38 (4th Cir.1961), *cert.*

*denied*, 371 U.S. 813, 83 S.Ct. 23, 9 L.Ed.2d 55 (1962). To our knowledge, no circuit has held to the contrary.

The *Carter–Beveridge* decision is binding precedent on this court under *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981). However, we do not understand *Carter–Beveridge* to control the issue as to § 1391(e)(4).

**7.** Seven district court decisions have concluded that a corporation resides only in its state of incorporation for purposes of § 1391(e)(4). *Independent Bankers' Ass'n of America v. Conover*, 594 F.Supp. 635 (N.D.Ill.1984); *Honeywell, Inc. v. CPSC*, 566 F.Supp. 500 (D.Minn.1983); *Williams Exploration Co. v. Department of Energy*, 561 F.Supp. 465 (N.D.Okla.1980); *National Distillers and Chemical Corp. v. Department of Energy*, 487 F.Supp. 34 (D.Del.1980); *Amoco Production Co. v. Department of Energy*, 469 F.Supp. 236 (D.Del.1979); *General Electric Co. v. FTC*, 411 F.Supp. 1004 (N.D.N.Y.1976); *DC Electronics, Inc. v. Schlesinger*, 368 F.Supp. 1029 (N.D.Ill.1974). Three district court decisions have held that corporate residence can be broader under § 1391(e)(4). *Milliken & Co. v. FTC*, 565 F.Supp. 511 (D.S.C.1983); *Pace Co. v. Department of the Army*, 344 F.Supp. 787 (W.D. Tenn.), *rev'd on other grounds*, 453 F.2d 890 (6th Cir.1971), *cert. denied*, 405 U.S. 974, 92 S.Ct. 1192, 31 L.Ed.2d 248 (1972); *Upjohn Co. v. Finch*, 303 F.Supp. 241 (W.D.Mich.1969), *aff'd on other grounds*, 422 F.2d 944 (6th Cir.1970).

For these reasons, we believe that venue was improper in this case. The parties have not briefed the issue of whether the interests of justice would indicate a transfer under 28 U.S.C. § 1406(a) to a district where venue would be proper, nor has the plaintiff had the chance to select which of the several such proper districts it might desire. Accordingly, we decline to exercise our discretion to transfer the case, but rather remand to the district court for such determination. Although the district court is directed to vacate its judgment because of lack of venue, in order to maintain the status quo, we hold that the FTC is temporarily enjoined from selling the property to Mills until the district court acts on this mandate. The circumstances of this case apparently call for expeditious handling, and we are confident that the district court will address the matter promptly. The judgment of the district court is

VACATED and REMANDED.