**PAXONET COMMUNICATIONS, INC., Plaintiff,**

v.

**TRANSWITCH CORPORATION, Defendant.**

Paxonet Communications, Inc. and Raza Microelectronics, Inc., Plaintiffs,

v.

Transwitch Corporation, Defendant.

Nos. C 03–2782 CW, C 03–4204 CW.

United States District Court, N.D. California.

Dec. 15, 2003.

David A. Jakopin, Nicole M. Townsend, Pillsbury Winthrop LLP, Palo Alto, CA, for plaintiffs Paxonet Communications, Inc. and Raza Microelectronics, Inc.

Steven M. Bauer, John J. Cotter, William A. Meunier, James J. Fajkowski, Testa, Hurwitz & Thibeault, LLP, Boston, MA, Tim Hale, Michael Risch, Russo & Hale, LLP, Palo Alto, CA, for defendant TranSwitch Corporation.

## ORDER CONSOLIDATING AND STAYING CASES

WILKEN, District Judge.

Currently pending before the Court are two related patent infringement actions, *Paxonet Communications, Inc. v. TranSwitch Corp.*, No. 03–2782, and *Paxonet Communications, Inc. v. TranSwitch, Corp.*, No. 03–4204. Another action involving two of the same parties and two of the same patents-in-suit is currently pending before the District Court for the District of Massachusetts. Now before the Court are various motions addressing the procedural posture of these cases. Having considered all of the papers filed by the parties, the Court GRANTS TranSwitch's motion to consolidate the two cases pending before this Court, and GRANTS TranSwitch's motion to stay the consolidate case pending the Massachusetts District Court's resolution of the motion to dismiss pending before it. The Court DENIES without prejudice TranSwitch's motion to transfer these actions to the District of Massachusetts.

## BACKGROUND

On March 27, 2003, TranSwitch filed a patent infringement action against Paxonet in the District Court for the District of Massachusetts, alleging that Paxonet infringed U.S. Patent Nos. 4,967,405 ('405 patent) and 4,998,242 ('242 patent). On May 21, 2003, Paxonet filed a motion to dismiss that action on the basis that the Massachusetts court lacks personal jurisdiction over it or to transfer that action to this district on the basis that this district is a more convenient forum.

On June 13, 2003, Paxonet filed suit in this Court (the 03–2782 action), seeking a declaration that it does not infringe the '405 and '242 patents at issue in the Massachusetts action as well as another TranSwitch patent, U.S. Patent No. 5,040,-170 ('170 patent). Paxonet also seeks a declaration that these patents are invalid. Then, on September 15, 2003, Paxonet and Raza Microelectronics, Inc. filed another suit in this Court (the 03–4204 action). In that action, Raza seeks a declaration that it does not infringe the '405, '242, and '170 patents and that these patents are invalid. Paxonet and Raza also assert that TranSwitch infringes U.S. Patent No. 6,069,893 ('893 patent), jointly owned by Paxonet and Raza.

Now pending before the Court is TranSwitch's motion to stay the proceedings in the 03–2782 action pending the Massachusetts District Court's resolution of the motion to dismiss or transfer pending before it. Also pending before the Court in the 03–4204 action is TranSwitch's motion to consolidate that action with the 03–2782 action and then transfer the consolidated action to the District of Massachusetts.

## DISCUSSION

TranSwitch's moves to consolidate the 03–2782 and 03–4204 actions. Federal Rule of Civil Procedure 42(a) permits consolidation of "actions involving a common question of law or fact." To determine whether to consolidate, a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. *See Southwest Marine, Inc. v. Triple A Machine Shop, Inc.*, 720 F.Supp. 805, 807 (N.D.Cal.1989). "Consolidation is within

the broad discretion of the district court." *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir.1987).

■ Here, the 03–2782 and 03–4204 actions involve a number of common questions of law and fact. Both lawsuits will require the Court to construe the terms of the '405, '242, and '170 patents. Both suits will require the Court to address the validity of these three patents. Each lawsuit will require a jury to understand the same underlying technology and the same claim terms in order to determine if the products at issue infringe. While the 03–4204 action involves an additional patent, the '893 patent, the technology of the three TranSwitch patents and the '893 patent appear to be related. Because of all of these similarities between the 03–2782 and 03–4204 actions, the Court believes that judicial efficiency will be served by consolidating these actions. Therefore, the Court grants TranSwitch's motion to consolidate these two actions.

■ TranSwitch also requests that the Court either transfer the consolidated action to the District of Massachusetts or stay the proceedings in this action until the Massachusetts district court rules on the motion to dismiss or transfer pending in that action. "There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir.1982). This doctrine, known as the first-to-file rule, "gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir.1993). A court in which the second suit was filed may transfer, stay or dismiss that proceeding in order to allow the court in which the first action was filed to decide whether to try the case. *Alltrade Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir.1991).

■ Here, the first-filed action is the Massachusetts action. Therefore, this Court would ordinarily defer to the Massachusetts district court's decision as to whether it will proceed with the case. Here, Paxonet and Raza have not offered any reason that the Court should not follow this ordinary procedure. There is currently a motion to dismiss or transfer pending before the Massachusetts district court. The Court will therefore stay the consolidated action until the Massachusetts district court resolves that motion.

## CONCLUSION

For the foregoing reasons, TranSwitch's motion to consolidate is GRANTED (Docket No. 4, 03–4204 Action). The Court DENIES TranSwitch's motion to transfer (Docket No. 4, 03–4204 Action), but GRANTS TranSwitch's motion to stay the consolidated action (Docket No. 22, 03–2782 Action) pending a decision by the Massachusetts district court on the pending motion to dismiss or transfer.

The parties are ordered to notify this Court immediately when that decision is filed and to file a status report every sixty days in the interim. If the Massachusetts case is transferred to the Northern District of California, the parties shall file a notice of related cases and the two cases will be related and consolidated. If the Massachusetts action will be litigated there, this Court will transfer this case there.

IT IS SO ORDERED.