AVAYA, INC., Plaintiff,

v.

MITEL NETWORKS CORPORATION,
et al., Defendants.

No. 1:06 CV 736.

United States District Court,
E.D. Virginia,
Alexandria Division.

Nov. 3, 2006.

Christopher Barron Roth, Frederic M. Meeker, Banner & Witcoff Ltd., Washington, DC, for Plaintiff.

Elizabeth Anne Scully, Baker & Hostetler LLP, Washington, DC, for Defendants.

## *ORDER*

ELLIS, District Judge.

In this patent infringement action, Avaya, a Delaware corporation with its corporate headquarters in Basking Ridge, New Jersey, claims that defendants Mitel Networks Corporation, a Canadian corporation with its headquarters in Ontario, Canada, and Mitel Networks, Inc., a subsidiary of Mitel Networks Corporation with a place of business in Herndon, Virginia, infringed six of Avaya's U.S. patents involving telecommunications technology (the "Avaya patents").

Concurrently with filing its complaint here, Avaya filed a declaratory judgment complaint in the United States District

Court for the District of New Jersey seeking a declaration that nine of Mitel's U.S. patents involving telecommunications technology (the "Mitel patents") are invalid, unenforceable, and/or not infringed by Avaya.[1] Thereafter, Mitel filed its Answer and Counterclaims in this matter. In Count III, Mitel charged Avaya with infringement of nine Mitel patents, the very same patents that are the subject of the New Jersey suit. In Count IV of its Answer, Mitel claims that Avaya breached a Bilateral Non–Disclosure Agreement between the parties by impermissibly disclosing Mitel's confidential information when it filed its declaratory judgment complaint in the District of New Jersey. Avaya now seeks dismissal, or in the alternative, transfer of Counts III and IV of Mitel's Answer and Counterclaim.

■ District courts have the discretionary authority to transfer a civil action to any other appropriate district court "for the convenience of the parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a). *See also Continental Grain Co. v. Barge FBL–585,* 364 U.S. 19, 26, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960) (explaining that "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.").[2] The decision whether to transfer a civil action is committed to the sound discretion of the district court. *Southern Ry. v. Madden,* 235 F.2d 198, 201 (4th Cir.1956).

■ Here, it is pellucidly clear that a transfer of the two counterclaims is appropriate. To begin with, the District of New Jersey is an appropriate forum for Counts III and IV because Mitel, the counterclaim plaintiff, could have brought its claims against Avaya, which has its principal place of business in New Jersey, in the District of New Jersey. 28 U.S.C. § 1400(b); *see, e.g., Prods. v. Total Containment,* 1996 WL 184468 at \*3, 1996 U.S. Dist. LEXIS 4947 at \*9 (E.D.Pa. 1996); *Independent Bankers Asso. v. Conover,* 594 F.Supp. 635, 639 (N.D.Ill.1984). In addition, transfer would be in the interest of justice because Mitel's claims are compulsory counterclaims in the New Jersey suit. Rule 13(a), Fed.R.Civ.P., requires that a party plead a counterclaim that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," or else risk waiving the counterclaim. As the Federal Circuit has observed, "Rule 13(a) recognizes that when disputed issues arise from the same operative facts, fairness as well as efficiency require that the issues be raised for resolution in the same action." *Vivid Technologies, Inc. v. American Science,* 200 F.3d 795, 801 (Fed.Cir.1999). Importantly, the Federal Circuit has held that a counterclaim for patent infringement is compulsory "in an action for declaration of

---

1. Importantly, Mitel asserts that the Mitel and Avaya patents at issue here and in the District of New Jersey involve not only the same general field of telecommunications technology, but also share a number of common claim terms that will have to be construed under *Markman v. Westview Instruments,* 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996). In this regard, Mitel has submitted its "Proposed Claim Constructions of Terms To Be Construed In Avaya and Mitel Patents," which asserts that over 300 individual claim terms will have to be construed under *Mark-*

*man.* This is doubtless, an excessively extravagant estimate. In any event, it is too early to tell, based on this embryonic record, whether there are in fact claim terms common to the Avaya and Mitel patents that will have to be construed, but that potential certainly exists.

2. For a summary of all the factors relevant to the § 1404(a) transfer analysis and the cases discussing these factors, *see Questions as to Convenience and Justice of Transfer Under Forum Non Coveniens Provision of Judicial Code,* 1 A.L.R. Fed. 15.

non-infringement of the same patent." *Id.* Thus, where, as here, a party files a complaint seeking a declaratory judgment of non-infringement, the opposing party must assert, or risk waiving, a counterclaim for patent infringement of the same patents. *See id.* These principles, applied here, compel the conclusion that Mitel's patent infringement claims under Count III, which involve the Mitel patents at issue in the New Jersey suit, are compulsory counterclaims in the New Jersey suit. As such, there can be no doubt that a transfer of venue will be both in the interest of justice and more convenient for the parties and witnesses, who will have to litigate the validity of Mitel's patents in the New Jersey suit.

Likewise, Mitel's claim for breach of the Bilateral Non–Disclosure Agreement should be transferred to the District of New Jersey because it, too, is a compulsory counterclaim in the New Jersey suit because it "arises out of the ... occurrence" that is the subject of the New Jersey suit; indeed, this claim arises directly out of Avaya's filing of the New Jersey suit. Accordingly, it, too, should be transferred to the District of New Jersey in the interest of justice. *See* 28 U.S.C. § 1404(a).

It should be noted that Mitel has indicated in its pleadings that it has filed a motion in the District of New Jersey to consolidate these matters and to transfer venue to the Eastern District of Virginia because it believes that the claims involved in the instant suit and the New Jersey suit involve common factual inquiries, related patent technology, and importantly, the potential for the need to construe patent claim terms common to both the Avaya and Mitel patents. While the mere similarity of technology, by itself, may not warrant a transfer, the prospect of having two or more courts construe the same, or essentially similar, claim terms in the same

or related patents may well warrant transfer. *See In re Medrad, Inc.,* 215 F.3d 1341, 1999 WL 507359 at *1–3 (Fed.Cir. 1999) (affirming district court's decision to transfer case to "avoid duplicative litigation and prevent the possibility of inconsistent judgments, particularly on the patent infringement claims"); *Paxonet Communications Inc. v. TranSwitch Corp.,* 303 F.Supp.2d 1027, 1028–29 (N.D.Ca.2003) (consolidating suits which would require two courts to construe the terms and determine the validity of the same patents and staying matter pending decision of second court on motion to transfer). Where two or more courts are required to construe the same or essentially similar claim terms in the same or related patents, the result is an uneconomical use of judicial resources and the risk of conflicting judicial determinations. *See Continental Grain,* 364 U.S. at 26, 80 S.Ct. 1470; *see also In re Medrad, Inc.,* 215 F.3d 1341, 1999 WL 507359 at *1–3; *Carolina Archery Prods. v. Alpine Archery, Inc.,* 2004 WL 1368863 at *10, 2004 U.S. Dist. LEXIS 11069 at *32 (4th Cir.2004) (granting transfer because requiring two proceedings that concern the same series of events and many of the same factual determinations "would create unnecessary burden and expense for both the Court and the parties"). In the event the U.S. District Court for the District of New Jersey elects not to consolidate and transfer the matter to the Eastern District of Virginia, nothing in this Order precludes either party from filing an appropriate motion here to transfer this matter to the District of New Jersey.

For these reasons, and for good cause,

It is hereby **ORDERED** that plaintiff's motion to transfer counts III and IV of defendant's answer, affirmative defenses and counterclaims to the United States

District Court for the District of New Jersey is **GRANTED**.

It is further **ORDERED** that plaintiff's motion to dismiss counts III and IV of defendant's answer, affirmative defenses, and counterclaims will be resolved by the transferee Court.

The Clerk is directed to send a copy of this Order to all counsel of record.